# Zelazny *v.* Seneca Coal Mining Co. et al., Appellants.

*Workmen's compensation—Injury in course of employment—Evidence—Presumptions—Finding.*

1. A finding by the referee, affirmed by the compensation board and the court below that death resulted from an accident, is entitled to the same weight as the verdict of a jury, and must be sustained if supported by the evidence.

2. Where death is accidental, it is not incumbent upon a claimant to show the exact nature of the accident or just how it occurred.

3. An accident sustained in the course of employment from an unexplained cause, is compensable.

4. Where the marks upon a deceased employee's person tend to show an accident and cannot be accounted for upon the theory of death from a natural cause, and where there are no circumstances which point to death from such cause, a finding that the death was accidental, will be sustained.

*Appeals—Computation of time—Waiting period—Exceptions— Assignments of error.*

5. The appellate court will not pass on the accuracy of the lower court's exclusion of the day of the accident in computing the ten-day period, where the finding is favorable to appellant and no exception or assignment of error was taken.

Argued October 3, 1922.   Appeal, No. 164, Oct. T., 1922, by defendants, from judgment of C. P. Indiana Co., June T., 1922, No. 92, affirming decision of Workmen's Compensation Board, in case of Nellie Zelazny v. Seneca Coal Mining Co. et al.   Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Appeal from decision of workmen's compensation board affirming award of referee allowing claim.   Before LANGHAM, P. J.

Decision affirmed.   Defendant appealed.

*Error assigned* was judgment, quoting it.

*J. D. Darragh,* with him *Frank P. Martin,* for appellant, cited: Morgan v. Coal & Iron Co., 273 Pa. 255; Fink v. Axle & Spring Co., 270 Pa. 476.

*John L. Getty,* for appellee, cited: Tracey v. Coal & Iron Co., 270 Pa. 65; Flucker v. Steel Co., 263 Pa. 113; Keyes v. Ry., 265 Pa. 105; Murdock v. News Bureau, 263 Pa. 502; Kiercok v. Coal & Iron Co., 270 Pa. 17; Zukowsky v. Coal & Iron Co., 270 Pa. 118; Dumbluskey v. Coal & Iron Co., 270 Pa. 22.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is a workmen's compensation case.   Plaintiff's husband, Steve Zelazny, was employed as a motorman in defendant's coal mine at Chambersville, Indiana County, his duty being to bring trainloads, called "trips," of coal out of the mine and when dumped to return the

empty cars. On the morning of July 18, 1921, while waiting for the dumping of a trip of cars, Zelazny was seen sitting on a pile of pipe, by the side of the track, near the end of a loaded coal car, and ten minutes later his dead body was found lying between the rails of the track with his head under the bumper of this car. No one saw him fall, but a small bruise was found above his right eye and a large discolored spot over his left shoulder blade, both apparently recent and made before death. The referee found Zelazny's death resulted from an accident while in the course of his employment and awarded his widow and children compensation; this was affirmed by the compensation board and court below; from which the defendant and its intervening insurance carrier have appealed.

Zelazny died in the course of his employment and it was manifestly not a case of suicide, therefore it must have been either an accident or from natural causes. The finding that it was an accident is entitled to the same weight as the verdict of a jury and must be sustained if supported by evidence (Mt. Calvary Methodist Protestant Church Trustees, 272 Pa. 453; Pasquinelli v. Southern Macaroni Mfg. Co., 272 Pa. 468; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Hand's Case, 266 Pa. 277) and we have reached the conclusion that it is. Like any other fact, the cause of death may be found from circumstances; here a robust man of middle age, without a known ailment, is found dead with two marks of violence upon his person, either of which might indicate a fatal injury, that on the shoulder as an electric burn and that on the forehead as accompanied by a fracture of the skull or rupture of a blood vessel in the brain. It is a reasonable theory that the deceased climbed upon the coal car, some three and one-half feet in height, to see how the unloading of other cars was progressing, and by some mishap his shoulder came in contact with the highly charged trolley wire which hung six feet and eight or ten inches above the track, and slightly to one

side of the car, and that he then fell striking his head and landing between the rails. An electric shock would account for his sudden death and for the large mark on his shoulder, which had the appearance of a burn. In the writer's opinion that is the true explanation of the occurrence, although the referee thought it resulted from the bruise upon the head, caused by a fall, while the physician called attributed the death either to electrical shock or a fracture of the skull, or possibly both. It is immaterial which, for where the death is accidental it is not incumbent upon a claimant to show the exact nature of the accident or just how it occurred. See Flucker v. Carnegie Steel Co., 263 Pa. 113. An accident, sustained in the course of employment from an unexplained cause, is compensable: Granville v. Scranton Coal Co., 76 Pa. Superior Ct. 335. The marks upon the deceased's person cannot well be accounted for upon the theory of death from a natural cause, like heart failure or a stroke; for in such case, while he would probably fall, it would not likely be so as to injure the right side of his forehead and also the left shoulder blade. Furthermore, there is no circumstance which points to death from a natural cause. Unfortunately no autopsy was held and when one was requested by defendant the claimant objected, alleging that it was too late. This was a circumstance against her claim, but the workmen's compensation acts do not seem to make provision for an autopsy; hence, it was necessary to decide the case on the proofs at hand.

We cannot pass upon the accuracy of the lower court's exclusion of the day of the accident in computing the ten-day waiting period, as this was favorable to appellants and neither excepted to nor assigned it as error.

The judgment is affirmed.