## White, Appellant, *v.* Kelly, Inc.

Argued October 6, 1953. Before Rhodes, P. J., Hirt, Reno, Ross, Gunther, Wright and Woodside, JJ.

*William L. Huganir*, for appellant.

*Peter P. Liebert, 3rd*, with him *John J. McDevitt, 3rd*, for appellees.

Opinion by Hirt, J., December 29, 1953:

In this case the claimant sought to recover compensation for the herniation of an intervertebral disc, contending that the rupture resulted from accident in the course of his employment on March 23, 1948. The Board ultimately disallowed the claim and the lower court, in affirming the action of the Board, dismissed claimant's appeal.

Claimant was a bricklayer in the employ of the defendant. On the day in question he was facing the walls of a room in the Adam Scheidt Brewing Company with tile. The individual tiles were 8 x 6 x 2 inches in size and weighed about 4 pounds each. The ceiling in the room was eight feet high. Claimant was working on a scaffold about 3 feet from the floor and because of an overhead beam in the ceiling had headroom of only 4 feet. On turning in the course of his

work to pick up a tile from the scaffold he suddenly suffered pain in his back so severe that he was unable to continue working and he went home. He had not fallen nor was he struck by anything and he could not recall that he had made a misstep or slipped on the scaffold where he was working, when he suffered the disabling seizure. In bed on the following May 7 claimant discovered that he suddenly had lost all sensation in his hips and legs and had become paralyzed in both legs. He later submitted to an operation in Graduate Hospital in Philadelphia and a large intervertebral disc, which had ruptured, was removed and the pressure on the spinal cord thus relieved. Claimant since the operation has gradually recovered some movement of his legs but he is still totally disabled.

The Board, after hearing, substituted the following controlling findings for those of the Referee: "Fifth: We find as a fact from a preponderance of the testimony, that at the time claimant sustained pain in the area of his back on March 23, 1948, claimant was performing his usual duties in the usual manner and that there is no evidence of exertion, risk [sic], exposure or unusual occurrence. Fifth-A: We further find as a fact, from a preponderance of the testimony, that the herniation of the nucleus pulposa was a natural development of the injuries sustained by the claimant on *October 29, 1946,* as a result of his falling from a scaffold while employed by one Richard A. Warner." (Emphasis ours). Accordingly the Board, in sustaining the appeal by the employer from an award made by the Referee, concluded: "Since claimant has failed to establish the happening of an accident, while acting within the course of his employment with the defendant herein, he is not entitled to the payment of compensation and his claim petition must be dismissed."

On October 29, 1946 while working as a bricklayer in the employ of Warner, claimant had fallen from a scaffold and he then sustained an injury to his pelvis. He had difficulty with his hip for some time thereafter and received compensation for that injury until November 11, 1946, when he signed a final receipt. Dr. Robert A. Groff who performed the operation for the removal of the ruptured disc, testified in the present proceeding that a herniation of the nucleus pulposa[1] develops from one of two causes; either trauma or "ordinary wear and tear of an individual who has apparently a previous defect which would lead to such a thing." Dr. Groff received a history of the 1946 injury from the claimant himself. And from a consideration of all of the facts, including the circumstances attending the disabling injury of March 23, 1948, he gave it as his professional opinion that the rupture of the disc was not related to the work claimant was performing for the present defendant, but that the former injury sustained on October 29, 1946 "led to the subsequent complete herniation of the disc." It is of some significance that claimant's first petition for compensation, following the incident of March 23, 1948, attributed his disability to the 1946 accident when he sought to set aside the final receipt in the prior proceeding on the ground that he signed the receipt on the mistaken belief that his disability from that injury had ended. Moreover, his claim petition in the present case subsequently filed on February 18, 1947 averred that:

---

[1] He described that type of hernia thus: "Well, between the bones of the spine are pads called intervertebral discs. These discs are composed of outside membrane called the annulus fibrosus. The material within the center of this pad is called the nucleus pulposa and what happens is in a herniation of the nucleus pulposa the outside membrane splits and allows the material within the disc pad to herniate or extrude."

". . . the normal duties of his job complicated an existing injury to a disc. As a result of the complications and intensification thereof, paralysis has set in." He later amended the averment to read: "The normal duties of his job caused an injury to a disc as a result of which paralysis has set in." The amendment is of no avail, for the proofs do not show that claimant was a healthy workman, with no previous disability when he suffered the disabling hernia on March 23, 1948.

The same controlling principles apply to claims for compensation based on the herniation of an intervertebral disc as for an inguinal hernia, the most common type. In reality there is little dispute as to the facts in the present proceeding. The findings of the Board are amply supported by the evidence and we are bound by them. The herniation of the disc clearly resulted from the natural development of injuries sustained by the claimant on a prior occasion in 1946 as found by the Board. No accident therefore may be inferred from the disability suffered by the claimant in the usual course of his employment on March 23, 1948. We have reviewed the applicable principles of law in an opinion filed this day in the case of *Rosso v. Aetna Steel Products Corp.*, 174 Pa. Superior Ct. 258, 101 A. 2d 392. We need not repeat the discussion here.

Order affirmed.