## Leigh, Appellant, *v.* James J. Clearkin, Inc. et al.

Argued March 22, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*C. James Todaro,* for appellant.

*Joseph R. Thompson,* for appellee.

OPINION BY MONTGOMERY, J., April 12, 1962:

This is an appeal by the claimant-widow for workmen's compensation because of the death of her husband, who was killed in an automobile accident on January 10, 1957, at Reading, Pennsylvania. The only issue in the case is whether the decedent, at the time of the accident, was acting in the course of his employment. The matter has been before the Workmen's Compensation Referee twice, and each time he has disallowed compensation for the reason that the decedent, at the time of the unfortunate accident, was not acting within the scope of his employment; and each time the decision of the Referee has been affirmed by the Workmen's Compensation Board. This appeal is from the affirmance by the lower court of the Board's decision disallowing compensation.

Since the Workmen's Compensation Board is the ultimate arbiter of the facts and its findings are binding on appeal, if supported by competent and substantial evidence, our duty is to examine the record to determine if there is competent and substantial evidence to support its decision, or whether the Board has acted capriciously. *Greap v. Oberdorff,* 178 Pa. Superior Ct. 153, 113 A. 2d 339; *Messikomer v. Baldwin Locomotive Works,* 178 Pa. Superior Ct. 537, 115 A. 2d 853. In determining this question we must view the evidence in the light most favorable to the appellees, since they have the benefit of the Board's decision. *Moore v. Mac-Arthur Pile Corporation,* 193 Pa. Superior Ct. 512, 165 A. 2d 275.

We have performed our duty and examined closely all of the testimony included in the record, and after having done so, conclude that the Board did not act capriciously and that there is competent and substantial evidence to support its order refusing compensation.

The testimony offered by the claimant is somewhat indirect and uncertain. It consists entirely of expressions by the decedent that he was going to Reading to adjust a claim relating to lumber purchased by his employer from the Northeastern Lumber Company, and that in adjusting the claim he was to see a Mr. Weikel. These expressions by the decedent were made at the home of his mother, where he had lunch before departing for Reading, and at the gasoline station of his brother-in-law in Reading after his arrival there. There is no doubt that decedent went to Reading because that is where the accident occurred. We note also that in going to Reading the decedent traveled in his own half-ton pickup truck; and that he had relatives in Reading with whom he visited and had dinner on the evening of the accident. It is also clear from the testimony of claimant's witnesses that the decedent did not, in fact, see Mr. Weikel on the day of his visit.

On the contrary, the testimony offered by the defendants was definite and substantial. It is not merely a direct denial as argued by appellant's counsel. Mr. Weikel, previously referred to, associated with the Northeastern Lumber Company, testified that although he had had dealings with the decedent concerning the lumber furnished to the job that he was supervising, there had been no such defects in the lumber which required adjustment. This witness further testified that he had received no phone call or visit from the decedent on January 10th, although he had been present in his office all that afternoon. Mr. James J. Clearkin, Sr., president of James J. Clearkin, Inc., one of the appellees, testified that the decedent had called him on January 10th sometime after lunch. He directed the decedent to return to the job and remain there to see if the architects would come to make out punch lists. These related to the final examination of the architect, preparatory to making a final payment. The job referred to was the St. Ambrose Convent job in Philadelphia, where decedent had been engaged. Mr. Clearkin denied emphatically that he had sent the decedent to Reading on any kind of business. Mr. James J. Clearkin, Jr., vice president of appellee-company, also testified that the decedent had reported to him on the morning of January 10th, at which time he returned a transit, and also at which time he inquired as to what he was to do that day. In reply to that question, Mr. Clearkin, Jr. advised him that he would have to contact Mr. Clearkin, Sr., and to telephone him sometime that afternoon. He denied sending the decedent to Reading on that day or any other day.

From the testimony offered by the appellee, it could very well be concluded that there was no work for the decedent on the day of the accident and that he took the opportunity to visit relatives in Reading. We cannot say that the Board acted capriciously in accepting

this testimony as credible and rejecting that offered by the claimant as insufficient or incredible.

In a case of this nature involving an accident occurring off the premises of the employer, the burden rests upon the claimant to prove, by competent evidence, that when the accident occurred the one injured, or the decedent, was actually engaged in the furtherance of the business or the affairs of his employer, and that his presence was required there by the nature of his employment. *Kattera v. Burrell Construction & Supply Company,* 152 Pa. Superior Ct. 591, 33 A. 2d 498; *Knowles v. Parker Wylie Carpet Co., Inc.,* 129 Pa. Superior Ct. 257, 195 A. 445. The decision of the Board as affirmed by the lower court indicates that the plaintiff had not met her burden in proving this.

Therefore the order of the lower court sustaining the decision of the Workmen's Compensation Board is affirmed.