### Jones, Appellant, v. Collier Construction Company.

40

Argued November 10, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Nathan Routman,* with him *Routman, Moore & Goldstone,* for appellant.

*Irwin M. Ringold,* with him *Albert E. Acker,* for appellees.

OPINION BY WRIGHT, J., December 16, 1965:

This is a workmen's compensation case. The Referee made an award in favor of the claimant. After

making a correction in the computation of benefits, the Board affirmed the award as modified. The Court of Common Pleas of Mercer County reversed the decision of the Board, and directed the entry of judgment in favor of the employer. The claimant has appealed.

Joseph L. Jones, the claimant, was an employe of the Collier Construction Company, Strongsville, Ohio, which was engaged in the erection of a power transmission line. Certain construction materials were stored near Greenville, Pennsylvania, in a garage or shed which had a gravel floor. On January 29, 1962, with the help of a truck driver, claimant was engaged in the process of loading crates of insulators, each crate weighing 75 to 100 pounds. While lifting a crate to the truck bed, claimant's right foot slipped on the loose gravel and he "slid down and caught himself on the truck". A severe back pain resulted, which caused claimant to "let out a yell". The truck driver "grabbed the insulators . . . I seen it was something wrong". Being unable to continue work, claimant was promptly hospitalized. An operation took place on February 16, 1962, which disclosed that claimant had a complete rupture of the disc at L-4, and a spinal fusion was performed. Dr. John L. Thomas testified that the rupture was of recent origin, and attributed it to the incident at work. The record discloses that claimant had sustained a prior back injury during the year 1944 while serving in the United States Marine Corps.

The sole question before us on this appeal is whether the evidence supports the finding of the compensation authorities that the incident on January 29, 1962, constituted a compensable accident. We are all of the opinion that this question must be answered in the affirmative.

The learned judge below was under the erroneous impression that claimant's case was based on the theory of an unusual pathological result. He reasoned that

this doctrine did not apply due to the fact that, because of his prior back injury, claimant was not a normal healthy workman and should not be compensated for the "aggravation of a pre-existing disease or abnormal condition incurred while performing labor in the usual manner". Reliance was placed on *Paydo v. Union Collieries Co.,* 146 Pa. Superior Ct. 385, 22 A. 2d 759, and *Good v. Pa. Dept. of Prop. & Sup.,* 346 Pa. 151, 30 A. 2d 434, in neither of which case was there proof of an accident.

The law is well settled that, where there is no accident in the ordinary lay understanding of the term, disability which occurs in the performance of claimant's usual duties is not compensable if it results from the aggravation of a pre-existing physical weakness: *Bailey v. Buzzard,* 205 Pa. Superior Ct. 432, 210 A. 2d 926; *Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A. 2d 7; *Findon v. Nick Chevrolet Co.,* 204 Pa. Superior Ct. 99, 203 A. 2d 238. The difficulty with the position of the lower court, however, is that claimant's case rests, not on the theory of unusual pathological result, but on the theory that there was an accident in the ordinary lay understanding of that term.

In workmen's compensation cases, the evidence on appeal must be construed most favorably to the party who prevailed before the Board, and all reasonable inferences must be drawn in support of the findings in his favor: *Krasznay v. Milton Ross Metals Co.,* 204 Pa. Superior Ct. 94, 203 A. 2d 393. The instant record contains more than a simple statement that claimant "twisted himself", which was the situation in *Toohey v. Carnegie Coal Corp.,* 150 Pa. Superior Ct. 297, 28 A. 2d 362, cited in the employer's brief. The factual picture more closely resembles that presented in *Patterson v. Phila. Dairy Prod. Co.,* 177 Pa. Superior Ct. 195, 110 A. 2d 797. In that case, while reaching down to pick up a carton of milk bottles, claimant's

legs "went from under him and he fell to his knees". The compensation authorities found that an accident had occurred. The court below sustained an appeal by the employer. We reversed and directed that the award be reinstated.

In the case at bar, claimant's foot slipped on the loose gravel. He slid down and started to fall, catching himself on the end of the truck. The compensation authorities found, and we have concluded that the evidence warrants such a finding, that this occurrence was something outside of the ordinary course of events, undesigned, unexpected and fortuitous. Briefly stated, it was an accident in the ordinary lay understanding of the term.

Judgment reversed, and the record is remanded to the court below for the entry of judgment on the award made by the Board.