Scott and Statesman Insurance Company *v.* DeAngelis.

Argued June 4, 1971, before Judges CRUMLISH, JR., MANDERINO and ROGERS, sitting as a panel of three.

*John A. Spaeder,* with him *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellants.

*Richard H. Scobell,* for appellee.

OPINION BY JUDGE ROGERS, September 7, 1971:

The appellee, Nicholas DeAngelis, and the appellants, Raymond J. Scott and Statesman Insurance Company, respectively employe, employer, and insurer of the employer, entered into the written agreement for compensation provided for by Article IV, Section 407 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, Article IV, Section 407, as amended, 77 P.S. 731. Therein the parties agreed that the appellee while in the employ of the appellant Scott sustained disabling injuries and that he should be paid compensation and medical and hospital expenses. Some months later the employer filed a petition to terminate the agreement on the ground that appellee's disability had terminated. Appellee duly filed an answer denying termination of disability. While hearings on this petition were being conducted, the employer filed a petition to set aside the agreement averring that appellee's injury was incurred at some unspecified time or place other than in the course of employment and that the agreement for compensation was entered into by the appellants in reliance upon unspecified misrepresentations by the appellee. No answer to this petition was filed.

At the hearings on the two petitions, appellee testified that he slipped while carrying lumber; that being in pain on the following day he sought medical assistance; that he was operated on for the removal of discs; that he continued to suffer pain: and that as a result of his injury and its effect he had been able to work only sporadically and part time as a substitute taxicab driver, earning during the year prior to the last hearing an average of about $11.00 per week. It was further shown that the appellee is unable to read or write, has no trade, and has no capacity for other than the hard labor he was engaged in prior to the accident.

The referee concluded that the appellee was disabled to the extent of 15 per cent and awarded compensation of $8.92 per week. On appeal the Workmen's Compensation Board agreed that appellee was partially disabled but concluded that his loss of earning power should be measured by the difference between his actual earnings before and after the accident and awarded him the statutory maximum of $37.50 per week.

The Court of Common Pleas of Erie County after a careful review of the record and by an able opinion of President Judge CARNEY affirmed the Board. On this appeal, the employer and his carrier raise the same issues advanced below.

They first contend that the compensation agreement should be set aside because, no answer having been filed to their petition, appellee must be deemed to have admitted that the accident occurred at a time and place other than in the course of his employment. They claim support in Section 416 of the Act, 77 P.S. 821, which reads:

"Within twenty days after a copy of any petition has been served upon any adverse party, he may file with the secretary of the board if the petition has been directed to be heard by the board, or with the referee if the petition has been assigned to a referee, an answer in the form prescribed by the board.

"Every fact alleged in a *claim petition* not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. But the failure of any adverse party or of all of them to deny a fact so alleged shall not preclude the board or referee before whom the petition is heard from requiring of its or his own motion, proof of such fact." (Emphasis supplied)

Prior to an amendment made in 1956 by the Act of February 28, P. L. 1120 (1955), the first sentence of the second paragraph of Section 416 read: "Every fact al-

leged in a petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him." Obviously, the Legislature intended by particularizing the kind of petition to which it was referring to restrict the possible stricture of admission by failure to answer to claim petitions; and this for the good reason that the provision not so restricted set a snare for the unwary possessor of an agreement or award. The injustice which might otherwise result is exemplified by this case. The appellants adduced no proofs whatsoever in support of their assertion that the appellee's injuries were sustained otherwise than as set forth in the agreement executed soon after the event and do not now contend that they have such.

The appellants' remaining contention is that the preponderance of the medical evidence fails to support appellee's complaints and that for this reason the Board should not have disturbed the referee's award. Inherent in this contention is a misconception of the role of referee. The referee is only the agent of the Board; and the Board may review, revise, modify or set aside the referee's findings, draw inferences different from those of the referee, make its own findings of fact and determine for itself the weight to be given to evidence. *Powell v. Hills Garage,* 150 Pa. Superior Ct. 17, 27 A. 2d 773 (1942) ; *Focht v. General Baking Company,* 137 Pa. Superior Ct. 318, 9 A. 2d 185 (1940) ; *Erwin v. L. & H. Construction Company,* 192 Pa. Superior Ct. 632, 161 A. 2d 639 (1960) ; *Krasznay v. Milton Ross Metals Company,* 204 Pa. Superior Ct. 94, 203 A. 2d 393 (1964); *Mohler v. Cook,* 205 Pa. Superior Ct. 232, 209 A. 2d 7 (1965). Hence, the question before the court below and this court on appeal is solely whether the Board's findings are supported by competent proof. *Rozauski v. Glen Alden Coal Company,* 165 Pa. Superior Ct. 460, 69 A. 2d 192 (1950) ; *Leigh v. James J. Clearkin, Inc.,* 197

Pa. Superior Ct. 564, 179 A. 2d 654 (1962). We may not disturb these findings unless there has been a capricious disregard of competent evidence or a total absence of evidence to support them. *Hamilton v. Procon, Inc.,* 434 Pa. 90, 252 A. 2d 601, 605 (1969).

A neurologist qualified in psychiatry testified that the appellee is disabled. An orthopedic specialist testified that the appellee suffered back pains and that these were due both to the injury and to a degenerative joint disease. He estimated the back disability at between 35 and 45 percent, with 10 to 15 percent of this attributable to the injury. The same doctor testified that the appellee was not capable of performing heavy work. A physician engaged by the appellants testified that his examination revealed no reason for appellee's complaints from a pathological standpoint but admitted that in spite of the absence of physical findings, the appellee could and possibly did actually suffer pain as the result of psychic trauma. The surgeon who operated on appellee's back, testifying in April 1968, merely stated that it had been his opinion when he last saw appellee in September 1964 that his patient "would have probably been physically able to attempt to return" to work within a few weeks.

The existence and extent of disability are questions of fact for the Board, *Dixon v. Shapiro,* 203 Pa. Superior Ct. 535, 201 A. 2d 231 (1964); it is for the Board to resolve conflicting testimony including that of medical witnesses, *Banas v. Eagle Company,* 196 Pa. Superior Ct. 580, 175 A. 2d 897 (1961); the evidence must be construed favorably to the party who prevailed before the Board, *Jones v. Collier Construction Company,* 207 Pa. Superior Ct. 39, 215 A. 2d 340 (1965); the amount of compensation is to be measured by loss of earning power and not percentage of disability (Section 306(b), 77 P.S. 512). In the light of those principles,

the Board's finding that the appellee remained partially disabled and its conclusion that this disability caused a loss of earnings measurable by the difference between his earnings before the injury in full time heavy labor and his earnings after the injury as a part-time taxicab driver, were fully supported by the evidence and wholly in accordance with the law.

Judgment affirmed.