**Nicholas DeANGELIS, Plaintiff,**

v.

**Raymond J. SCOTT and Statesman Insurance Company, Defendants,**

v.

**The COMMONWEALTH OF MASSA- CHUSETTS, Additional Defendant.**

**Civ. A. No. 86–71 Erie.**

United States District Court, W. D. Pennsylvania.

Feb. 10, 1972.

Richard H. Scobell, Erie, Pa., for plaintiff.

John A. Spaeder, Erie, Pa., for interpleader Scott and Statesman Ins. Co.

Walter H. Mayo, III, Asst. Atty. Gen., Boston, Mass., for the Com. of Mass., additional defendant.

## OPINION

WEBER, District Judge.

This is an action of interpleader. A Pennsylvania employer and his workmen's compensation insurance carrier have paid into court the proceeds of an award made under the Pennsylvania Workmen's Compensation law [77 P.S. § 1 et seq.] and have impleaded the claimant, DeAngelis, and the Commonwealth of Massachusetts to assert their claims. The Commonwealth of Massachusetts demands the fund because of assignment of the claim to it made by the claimant in Massachusetts, valid under Massachusetts statutes. The claimant demands the fund because the Pennsylvania Workmen's Compensation law prohibits the assignment of any claim or the proceeds of any claim made under that law.

Both claiming parties have moved for summary judgment and it is admitted that there is no genuine issue as to any material fact and that summary judgment may be rendered as a matter of law.

■ What law does a United States District Court sitting in Pennsylvania apply? The validity of the assignment being determinative of the rights of the parties, the issue is substantive and not governed by the procedural law of the forum. However, the question having been raised in a federal court sitting in Pennsylvania we must apply the choice-of-law rules of Pennsylvania. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 [1941].

■ Under the modern dispensation now applied in Pennsylvania it appears that we are neither controlled by the law of the place where the contract right arose (Pennsylvania) nor by the law of the place where the assignment was made. (Mass.) The courts of Pennsylvania now say that in determining the applicable law we give to the place having the most interest in the problem paramount control over the legal issues arising out of a particular factual context. See Griffith v. United Airlines, Inc., 416 Pa. 1, 203 A.2d 796 [1964], citing Babcock v. Jackson, 12 N.Y.2d 473, 481, 240 N.Y.S.2d 743, 749, 191 N.E.2d 279, 283, and Auten v. Auten, 308 N.Y. 155, 124 N.E.2d 99 [1954].

This is the rule of Restatement, Second, Conflict of Laws.

"§ 208. Assignability of Contractual Right.

Whether, and under what conditions, a contractual right, which is not embodied in a document, can be effectively assigned is determined by the local law of the state which has the most significant relationship to the contract and the parties with respect to the issue of assignability."

"§ 209. Assignment of Contractual Right as Between Assignor and Assignee.

The validity of an assignment of a contractual right not embodied in a document, which is assignable under the rule of § 208, and the rights created thereby as between the assignor and the assignee are determined by the local law of the state which, with respect to the particular issue, has the most significant relationship to the assignment and the parties."

The rule of Restatement, Second, is the choice of law rule applied in Pennsylvania both in tort actions, *Griffith*, supra, and in contract actions, Neville Chemical Co. v. Union Carbide Corporation, 422 F.2d 1205 [3rd Cir., 1970].

To determine the jurisdiction most intimately concerned with the outcome of this particular litigation requires a detailed examination of its factual background, which is not in dispute here.

The named plaintiff, Nicholas DeAngelis, was injured in Pennsylvania in 1964 in circumstances bringing him under the Pennsylvania Workmen's Compensation law, 77 P.S. § 1 et seq. He

entered into an agreement under the Act with his employer and its insurance carrier (named defendants herein) and received medical and hospital expenses and periodic disability payments for a time. Some months later the employer and its insurance carrier filed a petition to terminate payments and also to set aside the agreement on the grounds that it was entered into in reliance upon alleged misrepresentations. Payment of disability benefits ceased while the matter was in litigation for about six years, going through the stages of a decision by a referee, an appeal to the Board, an appeal to the Court of Common Pleas, and an appeal to the Commonwealth Court of Pennsylvania. The litigation was terminated by an Order and Opinion of the Commonwealth Court on September 7, 1971, upholding DeAngelis' rights to payment, Scott et al. v. DeAngelis, 3 Pa.Cmwlth. 168, 281 A.2d 172 [1971]. As a result of this order plaintiff was awarded the lump sum settlement of $15,782.81 for disability payments.

While this litigation was pending plaintiff DeAngelis moved to Massachusetts and applied for veteran's disability payments provided under Massachusetts law. In accordance with the provisions of Massachusetts law he executed an assignment of his workmen's compensation claim against his employer and its insurance carrier to the agency of the Commonwealth of Massachusetts providing the disability benefits on March 1, 1965. Notice of this assignment was promptly given by the Commonwealth of Massachusetts to the employer and its insurance carrier. The employer and its carrier have filed this action of Interpleader naming plaintiff DeAngelis and additional defendant Commonwealth of Massachusetts as claimants, and has paid the sum of $15,782.81 into the registry of this court, disclaiming all interests in the proceeds. The complaint in Interpleader alleges that the Commonwealth of Massachusetts asserts a claim against this fund in the amount of $12,706.50 for the amount of veteran's disability benefits paid under the assignment in

question until termination of such payments, and the claimant DeAngelis denies the validity of the assignment and claims the entire fund.

Thus, as a Pennsylvania court applying its choice of law rules, this court must apply the rule of the state which, with respect to the particular issue, has the most significant relationship to the assignment and the parties.

What significant relationship does Massachusetts have both with respect to the issue of assignability and with respect to the assignment and the parties that would impel the application of Massachusetts law?

Massachusetts has made the specific type of assignment involved here valid by a specific statutory enactment. Massachusetts, like Pennsylvania, has a statutory prohibition of attachment or assignment of workmen's compensation payments except for one provision contained in Chapter 115, Massachusetts General Laws:

"In the event that the necessity for the granting of veterans' benefits to any veteran . . . is caused by . . . accident. . . and monetary remuneration is provided therefor . . . . by workmen's compensation . . . the commissioner may require such veteran or dependent to assign to him . . . the financial proceeds to be realized from such workmen's compensation."

1. Massachusetts has a statutory scheme of aiding veterans in need.

2. The burden of such a welfare plan is borne by Massachusetts taxpayers.

3. To lessen the burden on taxpayers the state looks to certain sources of recoupment.

4. Recoupment from insurance proceeds for the same accident is an equitable system because failure to do so would result in unjust enrichment of the recipient.

5. The beneficiary of the veteran's benefit has voluntarily entered into the assignment in the knowledge that

he is surrendering his future compensation payments in order to receive the immediate benefits of benefit payments.

6. The assignor and the assignee are both located in the State of Massachusetts and knowingly entered into the benefit arrangement under its law.

7. Public policy favors the validity of contracts freely entered into.

The assignment of such a claim is prohibited by statute in Pennsylvania:

"Claims for payments due under . . . this Act and compensation payments made by virtue thereof shall not be assignable. . . and shall be exempt from all claims and creditors, and from levy, execution or attachment, which exemption may not be waived." 77 P.S. § 621.

What interests are meant to be served by the policy of the Pennsylvania statute that have a significant relationship to this particular issue? The policy of the statute apparently springs from the same motive as the statutory exemption of wages from attachment or garnishment. [42 P.S. § 886].

"Such awards (workmen's compensation) may properly be considered at least as analogous too, if not in lieu of, the wages which the employee would have earned if the injury had not been suffered. It is therefore not unreasonable to conclude that the legislature intended, by the section under consideration, to place such awards upon a parity with wages for labor in so far as claims of creditors of the employee may be concerned." Commonwealth ex rel. Peterson v. Peterson, 100 Pa.Super. 600 [1930].

However, it is noted in the *Peterson* case, cited supra, that the Pennsylvania courts would not protect such funds from attachment by the Department of Public Health and Charities of Philadelphia to satisfy an order of support issued against a deserting husband whose wife became dependent upon the public agency. The Pennsylvania court held that the order of support was not a "debt or claim" of a creditor within the meaning of the Act. Thus Pennsylvania recognizes practical or equitable considerations which limit the protection otherwise afforded to such funds, regardless of how those limits are rationalized.

So strong is the Pennsylvania policy that the legislature has even closed off avenues of by-pass. Where the person owing the wages is within the jurisdiction of the courts of Pennsylvania, no local creditor can effectively assign a claim to a party outside the jurisdiction in an attempt to deprive the wage earner of the exemption of his personal earnings. (12 P.S. § 2175). Even non-residents are entitled to this exemption if the wages are generated in Pennsylvania. Morris Box Board Co. v. Rossiter, 30 Pa.Super. 23 [1906].

What are the factors to be weighed in considering the application of Pennsylvania policy?

Plaintiff DeAngelis was a resident in Pennsylvania and employed by a Pennsylvania employer on June 8, 1964 when he was injured. He was hospitalized and received medical treatment in Pennsylvania. He subsequently moved to Massachusetts, and being unable to work applied for veteran's benefits from the Commonwealth of Massachusetts for which he was apparently eligible. In making such application he executed the assignment of his compensation benefits to the Commonwealth of Massachusetts veteran's agency on March 1, 1965, and he has apparently received $12,706.50 in benefits up through October 15, 1971 when his aid was suspended.

Ultimately litigation over the termination of his workmen's compensation benefits in Pennsylvania was resolved in Pennsylvania and he was awarded a lump sum for these benefits of $15,782.81, the award being made against his Pennsylvania employer and its insurance carrier. Scott et al. v. DeAngelis, 3 Pa.Cmwlth. 168, 281 A.2d 172 [1971].

We are speaking charitably when we state the motive for the Pennsylvania statutory rule was the protection of the wage earner from attachment of his wages. Other cases have bluntly stated that the motive is the protection of the taxpayers of the Commonwealth from the burden of supporting the destitute workman whose livelihood might be taken by attaching creditors or whose means of livelihood may be interrupted or terminated by an industrial accident.

But it was not the taxpayers of Pennsylvania who came to the support of plaintiff in his need, but the taxpayers of Massachusetts. With all the protection given him under the Workmen's Compensation laws of Pennsylvania, with its exemption from attachment and its prohibition against assignment, he might otherwise have starved during the years of the compensation litigation.

As between assignor and assignee, the rights of the parties are governed by Restatement, Second, Conflict of Laws, § 209 supra. Assignor was resident in Massachusetts when the assignment was made, there was good consideration for the assignment, the assignment was not for a past consideration or a pre-existing debt, but for the purpose of securing himself the veteran's benefits available. In a sense the assignment was made to carry out the same end as was intended by the Pennsylvania law, giving the disabled workman a regular means of sustenance.

Two factors weigh highly in the choice of law to be applied as between assignor and assignee. Not only should a policy be favored which upholds the validity of an agreement voluntarily entered into between the parties for a valuable consideration, but to deny enforcement would result in unjust enrichment, the plaintiff recovering twice for the same disability.

The contending parties in this interpleader action are the assignor and the assignee. They are the only parties to be affected by the result. They are both located in the Commonwealth of Massachusetts. To apply the law of Pennsylvania to them would serve no present interest in Pennsylvania or its residents except for the mechanistic application of a Pennsylvania statute which under the present factual situation serves no useful purpose.

Therefore, in accordance with the foregoing Opinion the balance of the fund on deposit, after the payment of counsel fees and costs of the interpleading party, and counsel for claimant DeAngelis, shall be awarded to the Commonwealth of Massachusetts.