Redwood Enterprises, d/b/a Redwood Motor Hotel, et al. *v.* Darabant and Workmen's Compensation Appeal Board.

Argued December 7, 1972, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*W. Theodore Brooks,* with him *Reding, Blackstone, Rea & Sell,* for appellants.

*Alexander J. Pentecost,* for appellee.

OPINION BY JUDGE WILKINSON, January 5, 1973:

Able counsel for appellants and appellee are in entire agreement on the law applicable to this case. In particular, they agree that claimant-appellee had the burden before the Referee and the Board to establish that her condition had changed from 50% partial disability on August 25, 1966, to 100% total disability on September 2, 1970. The Referee and the Board found that she had met this burden with competent evidence. Our careful review of the record leads us to the same conclusion and we affirm.

Claimant-appellee suffered a compensable accident on October 4, 1965. She continued to work until December 16, 1965, when the injury became disabling. A total disability agreement was entered into on March 31, 1966. On October 4, 1966, employer-appellant and insurance carrier filed a Petition for Termination. After an answer was filed on October 26, 1966, hearings were held on August 9, 1967, and September 7, 1967. It was then stipulated between the parties on October 11, 1967, which stipulation subsequently was the basis for findings of fact and an award filed on

October 19, 1967, that as of August 25, 1966, claimant-appellee was 50% disabled. On July 5, 1969, claimant-appellee filed a petition to review the existing agreement, reduced to 50% disability as indicated above, alleging in the petition that she was then totally disabled. On January 13, 1971, and March 25, 1971, hearings were held and testimony taken. Claimant-appellee and her doctor testified that her condition at the time of the petition and hearings had worsened and had deteriorated since October of 1967, and that she was now totally disabled. It is interesting to note that claimant-appellee's physician testified that in his opinion she was totally disabled both in 1967 and at the time of the hearing in this proceeding but, nevertheless, her condition was worse now than then. The employer-appellant offered the testimony of two competent physicians.

This case was well presented to the Referee and the Board. The record is short and to the point in issue. The briefs and arguments were commendably the same. The Referee and the Board could have found either way and there would have been competent testimony to support them.

Obviously, the key question is whether claimant-appellee's condition has worsened since the stipulation of 50% disability. *Joseph Henderson v. Air Master Corporation*, 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971). She has the burden on this point. *Hendricks v. Patterson*, 164 Pa. Superior Ct. 584, 67 A. 2d 652 (1949). There certainly was a conflict of testimony, but in such a circumstance, the Board, even as a jury, must be the fact-finding body and not this Court. *Harascak v. Department of Highways*, 217 Pa. Superior Ct. 138, 269 A. 2d 329 (1970).

We are not unmindful, although not pressed in the briefs or on argument, that there is a difference in the

review of the record by this Court when the Board has found in favor of the party having the burden of proof, and when it finds against that party. President Judge WRIGHT, then Judge WRIGHT, pointed out this distinction in *Pudlosky v. Follmer Trucking Company, et al.*, 206 Pa. Superior Ct. 450, 455, 214 A. 2d 270, 273 (1965) : "It is not the province of the reviewing court to weigh conflicting testimony or to decide what inferences should be drawn therefrom: McCafferty v. Masten Transportation, Inc., 205 Pa. Superior Ct. 239, 209 A. 2d 11. The credibility and weight of the testimony is for the Board: Verna v. Stabler, 204 Pa. Superior Ct. 87, 203 A. 2d 578. . . . It was for the Board to determine whether claimant had sustained her burden to prove all the elements necessary to support an award. . . . Since the Board found against the party having the burden of proof, the question on review is not whether the findings of fact are supported by the evidence, but whether there has been a capricious disregard of competent evidence: Bailey v. Smith Truck Lines, Inc., 206 Pa. Superior Ct. 447, 214 A. 2d 290."

Our brother, Judge ROGERS, in his opinion for this Court in *Scott and Statesman Insurance Company v. DeAngelis*, 3 Pa. Commonwealth Ct. 168, 173, 281 A. 2d 172, 175 (1971), stated: "The existence and extent of disability are questions of fact for the Board, Dixon v. Shapiro, 203 Pa. Superior Ct. 535, 201 A. 2d 231 (1964) ; it is for the Board to resolve conflicting testimony including that of medical witnesses, Banas v. Eagle Company, 196 Pa. Superior Ct. 580, 175 A. 2d 897 (1961) ; the evidence must be construed favorably to the party who prevailed before the Board, Jones v. Collier Construction Company, 207 Pa. Superior Ct. 39, 215 A. 2d 340 (1965). . . ."

Accordingly, we enter the following

## ORDER

AND NOW, January 5, 1973, the Order of the Workmen's Compensation Appeal Board, entered June 15, 1972 in the above matter, is hereby affirmed.