**Universal Cyclops Specialty Steel Division, et al. *v.* Salvanes.**

Submitted of briefs January 10, 1973, to Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Harold V. Fergus, Jr.,* with him *Scott H. Fergus* and *Fergus, Martin and Fergus,* for appellants.

*Alexander J. Pentecost,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 27, 1973:

Claimant, William Salvanes, worked as a crane operator for Universal Cyclops Specialty Steel Division. Following an incident which occurred on October 24,

1969, he filed a claim for compensation benefits. After a hearing, the Referee determined that claimant had suffered an accident and was totally disabled from November 4, 1969. This decision was affirmed by the Workmen's Compensation Appeal Board. The employer has appealed to this Court alleging that the Board (and the Referee) erred in finding the accident and the total disability. We must affirm.

Once again, we emphasize the scope of our review. Where the claimant has been awarded benefits by the Board, our review of that decision is limited to a determination of whether there is substantial evidence to support the findings of fact. *Carnovale v. Supreme Clothes, Inc.*, 7 Pa. Commonwealth Ct. 253, 298 A. 2d 640 (1973); *Bambrick v. Asten Hill Mfg. Co.*, 5 Pa. Commonwealth Ct. 664, 291 A. 2d 354 (1972). In reaching this determination the benefit of the most favorable inferences deducible from the testimony should be given to the victorious claimant. *Redwood Enterprises v. Darabant*, 7 Pa. Commonwealth Ct. 421, 298 A. 2d 675 (1973); *Nash v. Sandnes' Sons, Inc.*, 6 Pa. Commonwealth Ct. 403, 295 A. 2d 615 (1972). It also must be kept in mind that questions of fact, including determinations as to the weight of the evidence, inferences to be drawn therefrom and credibility of witnesses, including medical experts, are not for this Court but for the fact finder. *Drevitch v. Beverly Farms, Inc.*, 7 Pa. Commonwealth Ct. 1, 297 A. 2d 541 (1972); *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A. 2d 520 (1972).

Claimant testified that grease on his shoe caused him to slip and fall while he was operating his crane. Appellant contends that claimant did not mention the actual slip and fall when he reported for treatment to Dr. Peter Castelli, the employer's physician. According to the appellant, if claimant had in fact suffered an

accident he would surely have said so when he went for treatment and because he failed to do so, the burden of establishing an accident was not shown. We disagree.

There was other evidence on the record tending to show that an accident was the cause of claimant's injury. Dr. Samuel Sherman, who treated claimant, testified that claimant had suffered an accident and that this accident was the cause of his disability. Furthermore, and perhaps more importantly, Dr. Vates, one of the employer's doctors to whom claimant had also gone for treatment, testified that he "very definitely" had a fall and that this fall caused his disability. It is also significant to note that the first of the employer's doctors, Dr. Castelli, specifically stated that he would have to defer his opinion to that of Dr. Vates. Under these circumstances, there was substantial evidence that an accident had occurred.

On the issue of extent of claimant's liability, the evidence (which included the testimony of appellant's own expert), tended to show that claimant was permanently disabled with regard to his previous type of work and that he could not work as a laborer and could not bend. The employer presented the testimony of a plant safety director who said that there were other crane operator jobs available which were easier than claimant's duties. He did admit, however, that he had no experience in the operation of cranes and that he really did not know precisely what effort was required. There was testimony by both the claimant and another crane operator that bending and twisting would be required in any crane operator's job. In any event, we think that there was substantial evidence to support the Board's determination that the employer had not met the burden of showing available work which the claimant could perform. *Barrett v. Otis Elevator*, 431 Pa. 446, 246 A. 2d

668 (1968) ; *Petrone v. Moffat Coal Co.,* 427 Pa. 5, 233 A. 2d 891 (1967) ; *Chamberlain Corp. v. Pastellak,* 7 Pa. Commonwealth Ct. 425, 298 A. 2d 273 (1973). Testimony which is admittedly conjecture that the claimant might be able to work on another crane does not meet appellant's burden. The Board did not err in finding that claimant is totally disabled.

### ORDER

AND Now, this 27th day of June, 1973, the Order of the Workmen's Compensation Appeal Board is affirmed and compensation is awarded to claimant at the rate of $60.00 per week commencing November 4, 1969 in accordance with the Referee's Order of October 5, 1971 and to continue within the limitations of the Workmen's Compensation Act.