Bullock, et al. *v.* Building Maintenance, Inc., et al.

Argued October 3, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joseph A. C. Girone,* for appellants.

*Joseph J. Murphy,* with him *Harris I. Weisbord,* for appellees.

OPINION BY JUDGE KRAMER, November 13, 1972:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County affirming the decision of the Workmen's Compensation Board (Board) and dismissing the appeal of Katie Bullock (Bullock), widow of William Bullock, Sr., and on behalf of her minor son. The Board had set aside certain of the Referee's findings of fact and conclusions of the law, whereby the Board denied the claim of Bullock for workmen's compensation benefits claimed to be due as a result of her husband's death.

Pertinent facts found by the Board are that the deceased husband of Bullock was an employee of Building Maintenance, Inc. (employer), an organization which provided janitorial services for the Horn & Hardart Baking Company at its plant in Philadelphia. Decedent was one of a number of the employees who performed janitorial services, such as the cleaning of refrigerators. The decedent was found unconscious with a head injury on the floor of the supply room at the plant. He was rushed to the hospital where several hours later he was pronounced dead as a result of a blunt impact trauma. The record is quite clear that at the time of decedent's accident he was not present on the premises for a purpose within his usual scope of employment. September 17, 1966, the date of the accident, was the decedent's "day off." It is also clear from the record that the decedent was on the premises for the purpose of obtaining union referral slips from his fellow workers, and that he intended to file these slips at the local labor union office. It was stipulated that the decedent was *not* an official union shop steward. The Board found that the decedent "had assumed personally the responsibility for clearing up a situation that was causing difficulty with the union employees," and that decedent's appearance at the plant site "was for the purpose of straightening out the relationship between the employees and the union and did not significantly involve the interests of the" employer. The Board concluded that the decedent was not acting in the furtherance of the interest of his employer and therefore denied the widow's claim. In doing so, the Board set aside the Referee's finding that the decedent appeared at the plant site at the direction of the employer's supervisor, and the Referee's conclusion that decedent was injured in the course of his employment.

The sole question presented by Bullock to this Court is whether the decedent at the time of his injury, which

resulted in his death, was an employee acting in the course of his employment.

We must first point out, as we said in the case of *Scott & Statesman Ins. Co. v. DeAngelis,* 3 Pa. Commonwealth Ct. 168, 281 A. 2d 172 (1971), and as Section 423 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §854 states, the Referee is the Board's agent, and the Board has the power to disregard the findings of fact made by the Referee. The Board may substitute its own findings for those of the Referee so long as it does not capriciously disregard the evidence in making its substituted findings of fact and conclusions of law.

Numerous recent cases reiterate that where the decision of the Board was against the appellant-claimant, our scope of review is whether the Board's findings of fact are consistent with each other and with its conclusions of law, and can be sustained without a capricious disregard of the evidence. *See Gayer v. Quaker Hair Goods Co.,* 5 Pa. Commonwealth Ct. 133, 289 A. 2d 763 (1972); *Pellegrino v. Baldwin-Lima-Hamilton Corp.,* 5 Pa. Commonwealth Ct. 150, 289 A. 2d 531 (1972); *Stump v. Follmer Trucking Co.,* 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972); *Segzda v. Jones & Laughlin Steel Corp.,* 4 Pa. Commonwealth Ct. 498, 287 A. 2d 708 (1972). These cases also hold that it is not within the province of the reviewing court to weigh conflicting testimony or to decide what inferences should be drawn therefrom. The credibility and weight of the testimony is for the Board. The burden is on the claimant to prove the necessary elements which will support a claim for workmen's compensation.

We have also spelled out what a "capricious disbelief" entails. It is not merely disbelieving a witness. To constitute capricious disbelief there must be a willful, deliberate disbelief of an apparently trustworthy

witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth. To charge the Board with capricious disbelief, the adjudication must be so flagrant as to be repugnant to a man of reasonable intelligence. *See Workmen's Insurance Fund v. Young,* 2 Pa. Commonwealth Ct. 423, 276 A. 2d 552 (1971).

Whether the decedent was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts. *See Newman v. Congregation of Mercy and Truth,* 196 Pa. Superior Ct. 350, 175 A. 2d 160 (1961). The burden of establishing the facts necessary to bring the injury within the course of employment is upon the claimant. *See Smith v. Frederick Investment Co.,* 152 Pa. Superior Ct. 534, 33 A. 2d 510 (1943). Section 301(c) of the Workmen's Compensation Act (77 P.S. §411) states not only that the injury by the accident must be in the course of employment, but also that the injury must be sustained ". . . while the employe is actually engaged in the furtherance of the business or affairs of the employer . . . ."

Following these guidelines we have read and reread the record in this case, and we must conclude that there has been no capricious disregard of the evidence presented to the Board. There is sufficient evidence in this record to permit the Board to find that the decedent was present at the plant site of Horn & Hardart Baking Company for purposes outside the scope of his employment. And by virtue of its findings, the Board was correct in its conclusion that the claimant widow, Bullock, was not entitled to any workmen's compensation benefits for the injury and resulting death of her deceased husband. Whether this Court agrees or disagrees with the Board's finding of fact, we have no power to set aside the Board's finding so long as there

is some substantial evidence to support the Board's finding and a lack of capricious disregard for the entire record before it. Therefore, in view of our conclusions that we cannot discern any capricious disbelief of the evidence presented by Bullock, we must affirm the court below.