Carl I. Mountz, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bethlehem Steel Corporation, Respondents.

Argued December 8, 1977, before Judges WILKINSON, JR., ROGERS and DiSALLE, sitting as a panel of three.

*Joseph Lurie,* with him, of counsel, *Galfand, Berger, Senesky, Lurie & March,* for petitioner.

*Harold W. Budding,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE ROGERS, February 14, 1978:

Carl I. Mountz has appealed from a decision of the Workmen's Compensation Appeal Board (Board) dated December 2, 1976 which affirmed a referee's decision that the claimant had failed to establish that his

disability was the result of an occupational disease within the meaning of Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

Claimant was employed for approximately 15 years as an iron ore miner for the Bethlehem Steel Corporation. Because of a respiratory ailment, he terminated that employment on May 8, 1974 on the advice of his doctor.[1] On April 24, 1975 he filed a claim petition under the Workmen's Compensation Act alleging that exposure to various pollutants in the mines had caused him to develop pulmonary fibrosis which had totally disabled him. After a hearing, the referee concluded that the claimant had not established that his disability was due to an occupational disease. The Board affirmed the referee without taking additional testimony. We affirm the Board.

Our scope of review when the party with the burden of proof has lost below is limited to determining whether the findings of fact made below are consistent with each other and with the conclusions of law and whether the findings can be sustained without capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Morton*, 22 Pa. Commonwealth Ct. 577, 349 A.2d 773 (1976). The claimant here contends that several of the referee's findings cannot be sustained without the capricious disregard of competent evidence. Only one of these findings, however, pertains to the controlling question of whether or not the claimant's disability was due to an occupational disease.

Because pulmonary fibrosis is not one of the specifically enumerated diseases in Section 108 of The

---

[1] About a year later he returned to work for Bethlehem Steel as a janitor but he was required to stop working on June 22, 1975 for reasons of health.

Pennsylvania Workmen's Compensation Act (Act), 77 P.S. §27.1(a) to (m) and (o) to (q), the claimant must satisfy the requirements of subsection 108(n) of the Act which includes within the definition of occupational disease:

> (n) [a]ll other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

77 P.S. §27.1(n).

The referee in Conclusions of Law said the claimant had established elements (1) and (2) of Subsection 108(n) but that:

> [c]laimant [had] failed to prove the incidence of pulmonary fibrosis as being substantially greater in the iron ore mining industry or his occupation therein than in the general population, within the meaning of Section 108 (n)(3) of the Act.

Of course, in all workmen's compensation cases, the claimant has the burden of proving all the elements necessary to support an award. *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972). The claimant's expert witness, a Dr. Rowan, did testify that in his opinion the incidence of pulmonary fibrosis was higher in the claimant's occupation than in the general population. Such testimony, if believed, would be sufficient to establish part (3) of Section 108(n)'s three part test. *See Freuhauf Corp. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 341, 376 A.2d 277, 282 (1977); *Imperial Food Products v. Tomarelli*, 28 Pa. Commonwealth Ct. 150, 153, 367 A.2d 732, 734 (1977). It is the referee, however, and not this Court, who is to determine the credibility of the witnesses

and the weight to be accorded their testimony. *General Tire and Rubber Co. v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 473, 332 A. 2d 867 (1975). It is completely his prerogative, after weighing the testimony of a witness, to accept it or reject it, in whole or in part. *Krasznay v. Milton Ross Metals Co.*, 204 Pa. Superior Ct. 94, 203 A.2d 393 (1964); *Smith v. Pullman-Standard Car Manufacturing Co.*, 194 Pa. Superior Ct. 263, 166 A.2d 299 (1961). We have examined the claimant's doctor's opinion testimony and observe that it is general, conclusionary and not so obviously reliable that a person "of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth." *Bullock v. Building Maintenance, Inc., supra,* 6 Pa. Commonwealth Ct. at 542-43, 297 A.2d at 522.

The claimant also argues that the referee and the Board ignored the holding of the Supreme Court in *Utter v. Asten-Hill Mfg. Co.*, 453 Pa. 401, 309 A.2d 583 (1973), that a malady, in that case cancer, can be an occupational disease, though it exists in the general public, if it may be shown by competent evidence that the disorder is peculiar to the claimant's occupation by its causes and the characteristics of its manifestations. This issue was not raised at the administrative level and will not be considered here. We further note that the record contains no evidence that the claimant's pulmonary fibrosis is peculiar to his occupation by its causes and the characteristics of its manifestations.

Accordingly, we enter the following

ORDER

AND Now, this 14th day of February, 1978, the Order of the Workmen's Compensation Appeal Board dated December 2, 1976 dismissing the claim petition of Carl I. Mountz is hereby affirmed.