James S. Cook, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United States Steel Corporation, Respondents.

Argued June 6, 1980, before Judges Wilkinson, Jr., MacPhail and Williams, Jr., sitting as a panel of three.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for petitioner.

*Robert C. Jones,* with him *James D. Strader,* for respondent.

Opinion by Judge Wilkinson, Jr., July 2, 1980:

Petitioner (claimant) worked for Respondent (employer) as a utility craneman and laborer from December 19, 1972 until June 23, 1976. On September 28, 1976 claimant filed a claim petition alleging that on June 23, 1976 he became totally disabled due to contact dermatitis resulting from exposure to nickel in his employment.

Hearings were held on claimant's petition on December 6, 1977, June 22, 1977, September 29, 1977 and

April 5, 1978. On January 17, 1979 the Workmen's Compensation Referee (Referee) found that claimant had contracted occupationally-caused contact dermatitis and become temporarily totally disabled and thereafter was partially disabled.

Employer appealed the Referee's decision in a timely manner contending that there was no evidence to show exposure to nickel, that there was no evidence to show that dermatitis or nickel sensitivity is more commonly found among steel industry workers than the general population and that there is no evidence that the disability has not disappeared.

The Workmen's Compensation Appeal Board (Board), by decision dated July 26, 1979, reversed the Referee. It is that order which is now before the Court.

If claimant is to prevail he must prove that his alleged disability falls within Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1, Act of October 17, 1972, P.L. 930, 77 P.S. §27.1:

All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

The Board determined that claimant failed to prove that the incidence of contact dermatitis is substantially greater in his industry or occupation than in the general population. We must agree. The only evidence submitted by claimant on this point is the testimony of his physician that contact dermatitis brought on by nickel is more frequent in persons exposed to nickel. While such an assertion is obviously true, it fails to satisfy the required burden on claimant im-

490

posed by the cited statute to prove that the malady asserted is an occupational disease. *Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 376 A.2d 277 (1977). A disease not listed in the specified ailments of the Act which exists in the general public cannot be an occupational disease if it is not shown by competent evidence that it is peculiar to the claimant's occupation. *Polansky Bakery v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 189, 394 A.2d 1324 (1978).

Accordingly, we will enter the following

ORDER

AND NOW, this second day of July, 1980, the order of the Workmen's Compensation Appeal Board, dated July 26, 1979, to Docket No. A-76663, dismissing the claim petition of James S. Cook, Jr., is hereby affirmed.