Stanley S. Poskus, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph S. Finch Co., Respondents.

Argued October 8, 1981, before Judges MENCER, WILLIAMS, JR., and PALLADINO, sitting as a panel of three.

*Stanley S. Poskus,* petitioner, for himself.

*Joseph F. Grochmal, Fried, Kane, Walters & Zuschlag,* for respondent, Joseph S. Finch Co.

OPINION BY JUDGE MENCER, January 6, 1982:

Stanley Poskus (claimant) has appealed from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision that dismissed his claim petition for compensation benefits filed under the authority of Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n).

The claimant was employed by the Joseph S. Finch Co. (Finch) from 1953 to August 20, 1975.[1] Finch operated an alcohol distillery for the manufacture of whiskey in Schenley, Pennsylvania. In the final years

---

[1] Although the referee found that claimant was last employed on April 20, 1975, an examination of the record discloses the actual date to be August 20, 1975. Accordingly, we treat the incorrect month designation as a typographical error.

of the claimant's employment, Finch discontinued its distillery operations at the Schenley plant and utilized it exclusively, to bottle spirits manufactured elsewhere. The claimant's last job at the plant was in the boiler house where he was required to keep the boilers fired. They produced steam which was originally used in the manufacture of whiskey. After the manufacture of whiskey at Schenley was discontinued, the claimant was required to monitor and stoke the boilers to produce heat for the plant and to treat the water with soda ash to produce steam. He was not required to treat the water for the purpose of producing alcoholic spirits.

On August 20, 1975, the claimant was discharged for being intoxicated while on the job, in express violation of a company rule of which he was cognizant. His discharge followed in the wake of a lengthy history of intoxication at work and several negotiated opportunities for the reformation of his conduct. Some time thereafter, on September 22, 1977, the claimant filed a claim petition under Section 108 of the Act, alleging that he had become, as of the date of his discharge, disabled due to alcoholism contracted in the course of his employment.

After several hearings, a referee determined, *inter alia,* that the claimant (1) "did not suffer a work related injury while in the regular course of his employment" and (2) "did not provide the defendant notice of any injury in accordance with Section 311 of the Workmen's Compensation Act." The Board affirmed the referee without taking additional evidence. We affirm the Board.

Our scope of review is limited to determining whether the referee's findings of fact are consistent with each other and with the conclusions of law and whether the former may be sustained without a capricious disregard of competent evidence. *Universal*

*Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Common-wealth Ct. 176, 305 A.2d 757 (1973). While the claimant objects to essentially all of the referee's findings of fact, only a few are directly relevant to whether or not the claimant's disability was due to an occupational disease.[2] We need not consider the claimant's alleged failure to provide Finch with adequate notice of any work-related injury because, even if that issue were resolved in his favor, it would not alter the disposition of this appeal.

Alcoholism is not one of the specifically enumerated occupational diseases in Section 108(a)-(m) and (o)-(q) of the Act, 77 P.S. §27.1(a)-(m), (o)-(q). To come within the broader definition of occupational disease in Section 108(n) of the Act, it was incumbent upon the claimant to prove that his was one of several

---

[2] The relevant findings read as follows:

THIRTEENTH: Claimant has a service connected disability for nervousness and while in the Coast Guard he was treated for this condition. He has domestic problems at home due to his drinking and his wife has filed for divorce on three occasions because of this. Claimant admits to all kinds of stresses at home. In addition there are difficulties with his brothers over their alleged neglect to take care of their mother. He has been treated by Dr. Lear in the past for hypertension, nervousness, stress and anxiety. He currently receives Social Security benefits for his condition.

FOURTEENTH: This Referee does not accept as credible claimant's contention that his work experience while employed by the defendant was a stressful work experience.

FIFTEENTH: The only medical evidence in this case consisted of the report of Dr. Eugene Younge, a psychiatrist and neurologist. This Referee was not impressed with the testimony of Dr. Younge and does not accept the conclusions as credible. Dr. Younge admitted that he did not know if the marital problems preceded the job related problems. He merely assumed that the job related condition came first. In addition this Referee finds that Dr. Younge did not adequately consider the claimant's past medical condition as noted above.

diseases "(1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the evidence of which is substantially greater in that industry or occupation than in the general population."

The claimant's expert medical witness testified that there was a substantial relationship between the claimant's job stress and his ready exposure to alcohol at the plant and his alcohol abuse. He also testified that the incidence of alcoholism in the claimant's occupation is substantially greater than in the general population. The referee, however, did not find that expert testimony to be credible because, *inter alia,* he felt the claimant's expert witness had not adequately considered claimant's medical history. Nor did he accept as credible the contention that the claimant's job was a stressful one.

It is the role of the referee and not this Court to determine the credibility of the witnesses and the weight to be accorded their testimony. He may reject the testimony of any witness, including the testimony of an expert medical witness, in whole or in part. *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980). The claimant's expert witness could supply no specific figures concerning the incidence of alcoholism among distillery workers, nor did he possess any knowledge concerning the degree to which alcohol was available to the claimant on the job. His testimony was "general, conclusionary and not so obviously reliable that a person 'of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth.'" *Mountz v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 583, 587, 382 A. 2d 507, 509 (1978), quoting *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 542-43, 297 A.2d 520, 522 (1972).

Accordingly, we enter the following

ORDER

AND NOW, this 6th day of January, 1982, the order of the Workmen's Compensation Appeal Board, dated October 30, 1980, affirming a referee's decision dismissing the claim petition of Stanley S. Poskus, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.