Charles F. Byrd, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and The Budd Company, Respondents.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Mark L. Mazzanti,* with him *Brian R. Steiner,* for petitioner.

*Richard D. Harburg, Swartz, Campbell & Detweiler,* for respondent, The Budd Company.

OPINION BY JUDGE CRAIG, April 30, 1982:

In this workmen's compensation appeal, the claimant questions an order by the Workmen's Compensation Appeal Board which affirmed a referee's decision denying benefits to the claimant; the basis of the denial was that the claimant had failed to prove that he was exposed to a disease which was causally related to his occupation, and also that the incidence of the disease was substantially greater in his occupation than in the general population.

The claimant had been employed by Budd Company since 1968 as a metal finisher. His work produced metal dust which, the claimant testified, was constantly around him during the day. Growths began to appear on the claimant's face in September 1977, identified by the claimant's physician, Dr. Castillo, as multiple verrucae or, more commonly, warts.

Initial surgical treatment for the condition provided temporary relief, but the claimant testified that the growths reappeared after he returned to work in March 1978. Regular treatment by Dr. Castillo did not alleviate the claimant's condition and again, in July 1978, the claimant underwent a surgical procedure to remove the warts. As a result of the surgery, the claimant was disfigured by temporary skin discoloration and permanent scars. After the second surgery, he did not return to work.

During the time of his hospitalization and recovery, the claimant, at the suggestion of his employer, applied for and received accident and sickness insurance benefits for a non-occupational injury. On the applications for those benefits, the claimant's physician indicated that the injury was non-occupational, but as Dr. Castillo testified, his opinion has changed since that time.

The referee received conflicting medical testimony on the question of whether the claimant's employment conditions caused the warts to develop on his face. The claimant's physician, a plastic surgeon, testified that the metal dust in the claimant's employment environment caused contact dermatitis in the skin of the claimant's face. Dr. Castillo further stated that the contact dermatitis condition caused a local tissue immunological deficiency which permitted the wart virus to develop and propagate on the claimant's face.

A dermatologist, Dr. Parrish, testified on behalf of the employer that there was no relationship between the dust that the claimant was exposed to at work and the warts which developed on the claimant's face. He stated that warts are caused by a virus and not by contact dermatitis.

The referee, apparently believing Dr. Parrish, found that the claimant's warts were caused by a virus and that exposure to dust at work did not break down the skin tissue and allow the virus to develop. The

referee also found that there was no possible relationship between the claimant's warts and his exposure to dust at his place of employment.

The claimant initially asserts that the referee abused his discretion in deciding all issues of credibility in favor of the employer's physician, contending that the testimony of Dr. Parrish was incredible and incompetent.[1]

However, we do not disturb findings of fact based solely on credibility determinations.[2]

The claimant further contends that the referee erred as a matter of law in deciding the claim under subsection 108(n) of The Pennsylvania Workmen's Compensation Act instead of under subsection 108(i) of the Act.[3] The record does not reveal, however, any

---

[1] The claimant cited portions of Dr. Parrish's testimony, where he stated that: he had never examined the metal dust involved in this case; he did not believe that it was necessary to examine the dust in order to make a diagnosis because he could conceive of nothing in the dust which would cause warts or lesions; he was unaware of who had performed the surgery which had resulted in scars on the claimant's face; and he did not believe that the clinical history given to a doctor played a large role in diagnosing medical conditions. Finally, while being questioned about his treatment of *acne*, Dr. Parrish testified that it was not important to keep the face or the skin of the face clean.

[2] Questions of credibility and the resolution of conflicts in medical testimony, as well as the weight to be given the evidence, are matters within the exclusive province of the referee, *Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980), who is free to accept or reject a witness' testimony, in whole or in part. *Mountz v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978).

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1208.

The term "occupational disease," as used in this act, shall mean only the following diseases:

(i) Infection or inflammation of the skin due to oils, cutting compounds, lubricants, dust, liquids, fumes, gases or vapor, in any occupation involving direct contact with, handling thereof, or exposure thereto.

particular section relied upon by the claimant in his petition to the referee; the claimant has the burden to support his contention that his claim was brought under subsection 108(i).

An examination of Section 108 of the Act reveals that contact dermatitis is not one of the specific ailments listed.[4] That lack of specificity, coupled with the claimant's failure to relate his claim expressly to skin "infection or inflammation . . . due to . . . dust" under subsection 108(i), as distinguished from the resulting warts cognizable only under subsection 108(n), led us to conclude, as the referee did, that the claimant was making the more general claim for occupational disease benefits under the latter subsection.[5]

The referee concluded that the claimant failed to fulfill the requirements of that subsection and was therefore not entitled to benefits. Finding no inconsistency of facts, error of law or capricious disregard of evidence, we affirm.[6]

---

. . . .

(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population.

[4] If a disease is not one of the specifically enumerated diseases in Section 108 of the Act, the claimant must satisfy the requirements of subsection 108(n) of the Act. *Mountz v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978).

[5] Additional support for the referee's decision to apply subsection 108(n) of the Act may be found in *Cook v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 487, 415 A.2d 1021 (1980), where the court held that a claimant asserting a claim for contact dermatitis as an occupational disease must fulfill the requirements set forth in subsection 108(n). However, *Cook* was decided after the referee made his decision in this case.

[6] Our scope of review, where the party with the burden of proof did not prevail before the referee, is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Wilson v. International Peripheral Systems, Inc.*, 58 Pa. Commonwealth Ct. 38, 427 A.2d 293 (1981).

## Order

Now, April 30, 1982, the order of the Workmen's Compensation Appeal Board, No. A-19067, dated December 11, 1980, denying benefits to the claimant, Charles F. Byrd, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.