Forbes Health System, Petitioner *v.* Workmen's Compensation Appeal Board (John Washington), Respondents.

Argued October 4, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

No appearance for respondents.

OPINION BY JUDGE DOYLE, July 27, 1983:

This is an appeal by Forbes Health System (Employer) from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee granting workmen's compensation benefits to John Washington (Claimant). We affirm the order of the Board.

Claimant was employed as a porter at the Employer's premises, Columbia Hospital. On January 19, 1978, while shoveling snow on the hospital grounds, Claimant experienced chest pains. Although the incident was not diagnosed as a heart attack, Claimant was hospitalized for a period of twelve days. Thereafter, Claimant returned to work on February 13, 1978, and continued working until April 7, 1978. On this date, while waxing a floor at the hospital, Claimant again suffered chest pains which resulted in his hospitalization. Claimant has not worked since this April injury.

On March 2, 1978, the Employer issued a Notice of Compensation Payable which described the nature of the injury as "chest pains" and granted Claimant compensation at the rate of $110.40 per week begin-

ning on January 19, 1978. Claimant was paid such compensation until February 13, 1978, when he returned to work. On June 2, 1978, the Employer filed a petition to terminate compensation payable as of February 13, 1978. The Employer contended that Claimant had recovered from the injuries sustained on January 19, 1978 when he returned to work on February 13, 1978. In addition, the Employer argues that the Notice of Compensation Payable concerning the January 19, 1978 injury should be stricken.

Following a hearing held on December 13, 1978, the referee issued his decision which included the following findings of fact:

> 7. That the claimant has presented evidence to establish that the disability attributable to the injury which was sustained in the course of employment for defendant has in fact not ceased and terminated.

> 8. That your Referee finds as a fact that the claimant worked from February 13, 1978 until April 7, 1978 and had an exacerbation to his condition and hasn't been employed since.

> 9. That your Referee finds as a fact claimant has had underlying heart disease pre-existing the injury of January 19, 1978 and that his work activities on an [sic] after February 13, 1978 caused total disability after April 7, 1978, and that he has been totally disabled from his usual work from said date, and that he is presently disabled from his usual work because of ongoing disability.

Based, in part, upon these findings, the referee reinstated compensation for total disability as of April 7, 1978. After the Board affirmed the decision of the referee, the Employer appealed to this Court.

Before this Court, the Employer argues that the Notice of Compensation payable should be stricken because Claimant's January 19, 1978 injury was not work related.[1] The Employer contends that the referee erred by not placing upon Claimant the burden to establish the causal connection between the injury and his employment. It is, however, the employer seeking to terminate benefits who bears the burden to prove a change in a claimant's disability. *Workmen's Compensation Appeal Board v. Dill Construction Company*, 20 Pa. Commonwealth Ct. 145, 341 A.2d 537 (1975). This burden of proof does not shift to a claimant even if the existence of the causal connection is at issue. *George v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981).

> We have consistently held . . . that the party seeking termination of workmen's compensation benefits has the burden of proving that all disability related to a compensable injury has ceased and that, if a claimant is currently disabled, the petitioner must show a lack of causal connection between that disability and the compensable injury. . . . We have never held that in termination proceedings the burden shifts at anytime to the claimant to prove the existence

---

[1] In support of this argument, the Employer relies upon Section 413 of The Pennsylvania Workmen's Compensation Act which provides as follows:

A referee of the department may, at any time, review and modify or set aside a notice of compensation payable and an original or supplemental agreement or upon petition filed by either party with the department, or in the course of proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable or agreement was in any material respect incorrect.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

of a causal connection between his disability and his injury.

*Unity Builders, Inc. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 527, 532, 413 A.2d 40, 43 (1980) (Citations omitted). At the hearing on the petition to terminate, the burden of proof lay with the Employer; this burden cannot be shifted merely by asserting that Claimant's original injury was not work related.

Since the decision appealed from was against the party with the burden of proof, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law, and whether they can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Mushroom Transportation Company,* 18 Pa. Commonwealth Ct. 177, 334 A.2d 788 (1975).

In the alternative, the Employer argues that there is not substantial, competent medical evidence to support the finding that Claimant's disability had not ceased and terminated. We disagree. The record contains the testimony of two medical experts, Robert M. Grubbs, M.D., Claimant's treating physician, and Larry E. Hurwitz, M.D., the Employer's examining physician. Dr. Grubbs determined that Claimant suffered from a hyperdynamic cardiac state with frequent ectopic ventricular contractions. After a heart catheterization was performed on Claimant, Dr. Grubbs concluded that Claimant could not perform the heavy and rigorous tasks associated with his responsibilities as a porter. On the other hand, Dr. Hurwitz testified that Claimant was suffering from cardiomyopathy which was caused by Claimant's history of diabetes. Dr. Hurwitz suggested that the incidents which occurred on January 19th and on April 7th were

not "injuries", but rather symptoms of Claimant's cardiomyopathic condition.

In concluding that Claimant was disabled, the referee chose to accept Dr. Grubb's testimony over the evidence offered by Dr. Hurwitz. This Court will not disturb findings of fact based solely on credibility determinations. *Byrd v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 372, 443 A.2d 1387 (1982). Furthermore, it is within the exclusive province of the referee to resolve conflicts in medical testimony. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980). Since we find no indication that the referee capriciously disregarded competent evidence, the order of the Board is affirmed.

ORDER

Now, July 27, 1983, the order of the Workmen's Compensation Appeal Board at A-79984, dated September 2, 1981, is hereby affirmed.