Henry J. Majdic, Petitioner *v.* Workmen's Compensation Appeal Board (National Standard Company), Respondents.

Submitted on briefs September 10, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

*David I. Fallk, Robert W. Munley, P. C.,* for petitioner.

*Cal A. Leventhal,* for appellee, National Standard Company.

OPINION BY JUDGE COLINS, October 21, 1985:

Henry J. Majdic (petitioner) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a decision of the referee dismissing his Claim Petition for the specific loss of four fingers of his right hand. Petitioner had his dominant right hand crushed in a power press while working for National Standard Company. His injuries consisted of traumatization to the joints, tendons, arteries and nerves of four fingers.

On appeal, petitioner contends that the decision of the Board was not supported by substantial evidence. He claims that competent medical evidence in the form of his treating physician's deposition, which supported his claim, was ignored by the referee

and the Board. Petitioner argues, therefore, that the decision below should be reversed.

Where, as here, a party with the burden of proof has not prevailed below, our scope of review is limited to a determination of whether an error of law was committed or whether there has been a capricious disregard of competent evidence. *Beth Allen Ladder Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 323, 417 A.2d 854 (1980).

Petitioner testified before the referee that he has returned to his previous job. He also stated that he can drive a car and dress himself (including buttons and shoelaces), and that he goes bowling and hunting. Petitioner also demonstrated various hand movements at the referee's request.

Dr. Malloy, petitioner's medical witness, testified through a deposition that, in his opinion, petitioner had lost the use of his hand for all intents and purposes. This was, however, the doctor later stated, purely from an employment aspect. The doctor's testimony also included an admission that petitioner could hold a hammer, or almost any object, but could not squeeze it tightly, that petitioner could write with his affected hand and that the unimpaired fingers (the thumb and pinky) constituted 55% of the hand's useful functioning.

We find no error in the referee's findings as affirmed by the Board. Questions of credibility and the resolution of conflicts in testimony, as well as the weight to be given the evidence, are matters within the exclusive province of the referee, *Roadway Express, Inc. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 169, 420 A.2d 774 (1980); *Container Corporation of America v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 367, 429 A.2d 1264 (1981), who is free to accept

or reject a witness' testimony in whole or in part. *Mountz v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978). The referee was, therefore, well within his power in rejecting Dr. Malloy's opinion as to petitioner's loss of use " for all intents and purposes" and to make his own factual determination based on the other evidence presented.

For the reasons stated above, the order of the Board is affirmed.

ORDER

AND Now, October 21, 1985, the order of the Workmen's Compensation Appeal Board, No. A-84854, dated March 1, 1984, is affirmed.