Philip L. Stegner, Petitioner *v.* Canterbury Coal Co., Div. of Western Transmission Corp. and Old-Republic Insurance Company and Commonwealth of Pennsylvania, Respondents.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Benjamin Costello,* with him *J. Scott Leckie* and *Kenneth J. Yablonski,* for petitioner.

*Paul E. Sutter,* with him *George H. Thompson, Hirsch, Weise & Tillman,* for respondents, Canterbury Coal Company and Old Republic Insurance Company.

*Laurence W. Dague,* Assistant Attorney General, with him *William O'Toole* and *Sandra S. Christianson,* Assistant Attorneys General, for respondent, Commonwealth of Pennsylvania.

OPINION BY JUDGE WILLIAMS, JR., September 4, 1980:

Philip L. Stegner, Jr. (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed his award and dis-

missed his claim for compensation under The Pennsylvania Workmen's Compensation Act.[1]

The Claimant's petition for compensation alleged that he was totally disabled due to coal worker's pneumoconiosis (coal miner's lung), and that the condition was caused by his exposure to coal dust during his employment with the Canterbury Coal Company (Company), one of the respondents herein. After a hearing, the referee awarded Stegner benefits under the Act, finding that the Claimant was permanently partially disabled "as a result of coal worker's pneumoconiosis."

Both the Company and the Commonwealth of Pennsylvania, another respondent before this Court, appealed the referee's decision to the Board. The Board remanded the case to the referee for further determination, giving the Claimant leave to amend his petition and to offer other evidence. At the remand hearing no additional evidence was offered; and again the referee awarded compensation to the Claimant. The Company and the Commonwealth took another appeal to the Board, which on that occasion reversed the referee's award without taking additional evidence. Claimant Stegner then appealed to this Court.

The sole question presented by the parties for review, is whether the evidence sufficiently supports the referee's finding that the Claimant had a permanent partial disability due to pneumoconiosis.

The competent evidence concerning the existence, cause, and degree of the Claimant's disability came from three doctors: one presented by the Claimant, one by the Company and another by the Common-

---

[1] Act of June 2, 1915, P.L. 736, §§101 et seq., *as amended*, 77 P.S. §§1 et seq.

wealth. The Claimant's physician testified by deposition that the Claimant was totally and permanently disabled due to a *chronic obstructive lung disease with associated asthmatic bronchitis, chronic bronchitis, and emphysema.* The Company's medical witness agreed that the Claimant had asthmatic bronchitis, but concluded that he was not suffering from any respiratory impairment and that there was only minimal evidence of pneumoconiosis. That doctor was also of the opinion that Claimant Stegner could have returned to work. The report of the Commonwealth medical witness declared the Claimant to be free of significant respiratory impairment, with no evidence whatsoever of pneumoconiosis.

The notable feature of the medical evidence is the lack of any testimony by the Claimant's physician that the Claimant had *pneumoconiosis.* Although the Claimant's physician stated that his patient was permanently disabled, that doctor did not include *pneumoconiosis* as a cause of the disability. The minimal evidence of that lung condition found by the Company physician did not cause that witness to consider the Claimant disabled. And, the opinion of the third doctor contravened Stegner's claim entirely.

The medical evidence presented three alternative conclusions: (1) the Claimant was disabled but not due to pneumoconiosis; (2) the Claimant had minimal signs of pneumoconiosis but was not disabled; or (3) the Claimant had no signs of pneumoconiosis and was not disabled.

On the medical evidence in this case, the referee found that the Claimant had a permanent partial disability *due to pneumoconiosis.* In order to make such a finding the referee had to conclude that the minimal showing of pneumoconiosis was enough to establish that the Claimant was disabled due to pneumoconiosis.

To reach such a conclusion the referee had to supplement the record evidence with his own medical opinion, blended from those given by the doctors and resting on a finding that none of them made. We recognize that it is within the province of the referee to draw inferences from testimony. *Workmen's Compensation Appeal Board v. Baldwin-Lima-Hamilton Corp.*, 24 Pa. Commonwealth Ct. 403, 356 A.2d 375 (1976). That principle does not apply where the inference to be drawn is one that only a medical expert can make, such as whether or not a person has a certain lung condition or is disabled from it.

In sum, the referee's decision that the Claimant was permanently disabled and that such disability resulted from pneumoconiosis is not supported by substantial evidence.

In all workmen's compensation cases, the claimant has the burden of proving all the elements necessary to support an award. *E.g., Mountz v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978). Under the Act, a claimant seeking compensation for an occupational disease must show two things: (1) that he has sustained disability resulting from such disease, and (2) that his disease is one arising in the course of his employment. *Consolidation Coal Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 412, 391 A.2d 14 (1978). It is our conclusion that the evidence in the instant case was not sufficient to sustain a finding that the Claimant was disabled from pneumoconiosis. Therefore, the Board was within its power to reverse the referee's determination, for lack of substantial evidence. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Accordingly, we affirm the order of the Board in this case.

### ORDER

AND Now, the 4th day of September, 1980, the order of the Workmen's Compensation Appeal Board in the above matter, entered April 19, 1979 at No. A-74953, is affirmed.