Glasgow, Inc. and Continental Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Brin, Respondents.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Paul A. Barrett,* of *Nogi, O'Malley & Harris, P.C.,* for petitioners.

*Erik N. Dingle,* for respondents.

OPINION BY JUDGE ROGERS, June 2, 1981:

Charles Brin worked for Glasgow, Inc. as a rock foreman and blaster from November, 1970, until June, 1976, when he was laid off. Brin worked in coal mines for another employer from 1947 to 1952.

In January, 1977, Brin consulted his family physisian, Dr. Walter Mokychic, because he was experiencing chest pain, shortness of breath and periods of choking sensations. The doctor took chest x-rays and diagnosed Brin's condition as one of severe anthracosilicosis. Early in 1978 Brin applied for Federal Black Lung benefits and received them from April, 1978.

On February 22, 1978, Brin again consulted Dr. Mokychic who then learned for the first time that Brin's job with Glasgow had caused him to be exposed to heavy silica rock dust on a daily basis. On April 5, 1978, Brin filed a claim petition alleging that while working for Glasgow he was exposed to a silica hazard and became totally disabled as a result of that exposure as of February 22, 1978.

After a hearing at which Dr. Mokychic testified that the claimant was suffering from silicon-silicosis as a result of his work with Glasgow, the referee found

that the claimant was totally disabled due to his exposure to a silica hazard in the course of his work for Glasgow. The Workmen's Compensation Appeal Board affirmed the referee's decision.

On the occasion of this appeal the employer argues that Brin's disability is not compensable because Dr. Mokychic testified that Brin suffered from anthraco-silicosis as well as silicon-silicosis and advances the proposition that the claimant cannot have benefits from Glasgow because his condition of silicon-silicosis only contributed to or aggravated the anthraco-silicosis and was not itself the cause of Brin's total disability. Glasgow additionally contends that for Brin to be eligible for benefits for total disability for silicon-silicosis it was required that the referee find that his silicon-silicosis was totally disabling even had he not also suffered from anthraco-silicosis.

Dr. Mokychic stated in the course of his testimony that the fact that when he first looked at Brin's chest x-ray he found "a severe, late anthraco-silicosis" caused him surprise, because he believed that Brin had not worked in the mines long enough or recently enough to have been the victim of so severe a lung problem as he in fact had. The doctor then testified that when he learned that Brin's work for Glasgow caused him recently and for an extended period to be exposed to heavy silica dust, he concluded that the claimant was suffering from silicon-silicosis. The doctor's testimony in its entirety is to the effect that from the time he learned of Brin's exposure with Glasgow he concluded that the anthraco-silicosis was merely the base upon which the far more substantial involvement of silicon-silicosis had been building.

Dr. Mokychic's apparent initial difficulty in distinguishing the two forms of pneumoconiosis is fully explained by our summarization of an appointed im-

partial medical witness' testimony in *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 86, 367 A.2d 377, 379 (1977), where the doctor testified that the claimant was suffering from both anthraco-silicosis and arc welder's pneumoconiosis and we observed that:

> [T]he medical witness explained that it is impossible to separate the two forms of pneumoconiosis in the lungs. The distinction is made on the basis of an occupational history indicating the types of dust to which an individual has been subjected.

We affirmed an award for total disability on the ground that the employer "subjected him to a hazard which contributed to that disability. Such a statement takes into account the current state of medical science, which cannot apportion an insidious disease such as pneumoconiosis among its several causative factors ...." *Id.* at 89, 367 A.2d 380.

Dr. Mokychic clearly believed that Brin's condition of silicon-silicosis was primarily responsible for his disability.

Further, the referee's finding that Brin's total disability resulted from his exposure to the silica hazard makes it evident that the referee did not consider that anthraco-silicosis was a significant factor in his disability. The referee was not required explicitly to so state, as Glasgow asserts. *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 292, 395 A.2d 322 (1978). Further, the fact that Dr. Mokychic at one point in his testimony characterized Brin's exposure to silica dust as a contributing factor to his disability does not require benefits to be denied because the doctor nevertheless concluded that Brin's disability "resulted from" the occupational disease in question as required under

Section 301(c)(2) of the Pennsylvania Workmen's Compensation Act, (the Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(2). *Crucible Steel, Inc. v. Workmen's Compensation Board of Review,* 50 Pa. Commonwealth Ct. 118, 415 A.2d 458 (1980).

Finally, the employer contends that the fact that Brin is receiving Federal Black Lung benefits requires the conclusion that his disability is due to anthraco-silicosis not silicon-silicosis. But we have held that an award of Federal Black Lung benefits is only one of several factors which the trier of fact may consider in determining the cause of disability. *Jones & Laughlin Steel Co. v. Workmen's Compensation Board of Review,* 35 Pa. Commonwealth Ct. 610, 387 A.2d 174 (1978). The referee obviously did not consider this fact to be significant, much less controlling in this case.

Order affirmed; an appropriate judgment order will be entered.

### ORDER

AND Now, this 2nd day of June, 1981, it is hereby ordered that Glasgow, Inc. and/or its Insurance Carrier, shall pay compensation to Charles Brin for total disability at the rate of $151.85 per week beginning February 22, 1978, and continue thereafter in accordance with the terms of the Workmen's Compensation Act.

This payment of compensation shall bear interest at the rate of 10 percent.

Glasgow, Inc. and/or its Insurance Carrier, shall pay Attorney Charles D. Lemmond, Jr., the sum of 20 percent of all compensation payable in the above award, and in that connection a lump sum payment shall cover 20 percent of all back benefits and thereafter 20 percent of each weekly check shall be deducted and paid to said Attorney.