United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and George Dupej, Respondents.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Louis A. Raimond,* for petitioner.

No appearance for respondents.

OPINION BY JUDGE MACPHAIL, June 3, 1981:

United States Steel Corporation (USS) appeals here from an order of the Workmen's Compensation Appeal Board (Board) that awarded compensation to George Dupej (Dupej) under the Pennsylvania Workmen's Compensation Act (Act)[1] for partial disability from coal worker's pneumoconiosis.

Dupej worked in USS's underground coal mines for 37½ years. His last day of employment was June 9, 1976 when he retired on disability because of rheumatoid arthritis. On April 28, 1978 Dupej filed a claim petition for compensation benefits under Section 108(q) of the Act[2] alleging that he had become totally disabled as a result of an occupational disease owing to dust exposure in the coal mines.[3] USS had

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 *et seq.*

[2] Section 108(q) of the Act, 77 P.S. §27.1 reads in pertinent part as follows:

The term 'occupational disease,' as used in this act, shall mean only the following diseases.

. . . .

(q) Coal worker's pneumoconiosis, . . . in any occupation involving direct contact with, handling of or exposure to the dust of anthracite or bituminous coal.

[3] At the hearing, Dupej amended his complaint to read that he was totally or in the alternative partially disabled as a result of the disease. He stipulated that there was work available to him in the immediate area for which he was qualified and was physically capable of performing.

been notified of the disability on May 24, 1977. USS denied responsibility. A hearing was held. The referee found that Dupej had been partially and permanently disabled from coal worker's pneumoconiosis since May 30, 1978. The referee granted benefits. USS appealed to the Board. The Board affirmed the determination of the referee. USS appealed to this Court.

Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, our review is limited to whether any constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Questions of credibility and the resolution of conflicting testimony are matters for the referee to determine and not this Court. *Shenango Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979). In making her findings, the referee may accept or reject the testimony in whole or in part. We are precluded from disturbing findings which are supported by the testimony even if there is evidence to the contrary. *Shenango, supra.*

USS contends that Dupej did not present clear, unequivocal and sufficient medical evidence to support a finding of disability owing to coal worker's pneumoconiosis. We disagree.

A report from Catherine P. Sinclair, M.D. dated October 9, 1978 stated in clear unequivocal language that Dupej had coal worker's pneumoconiosis and rheumatoid arthritis and was totally disabled by pulmonary disease related to his coal mine employment. A medical report submitted by USS stated that Dupej had radiographic evidence of advanced pneumoconi-

osis but no functional impairment of the lung which could be attributed to it. The referee resolved the conflict in medical evidence in favor of Dupej. Our careful review of the record convinces us that there is substantial evidence to support the referee's finding that Dupej was permanently partially disabled.

USS also contends that the referee erred in determining that Dupej's disability from coal worker's pneumoconiosis began on May 30, 1978, rather than on October 9, 1978, the date of a medical examination by Dupej's physician, Dr. Sinclair. We do not address this issue, however, because USS clearly waived its right to contest the date on which the disability commenced, by its failure to raise the issue in its appeal to the Board.[4] The law is clear that a party may not raise upon appeal any question not raised before the agency. 2 Pa. C. S. §753.

Order affirmed.

### ORDER

AND Now, this 3rd day of June, 1981, the order of the Workmen's Compensation Appeal Board dated March 6, 1980 affirming the referee's award of disability benefits to George Dupej is affirmed. It is hereby ordered that judgment be entered in favor of George Dupej and against United States Steel Corporation as follows: compensation shall be paid for partial disability at the rate of $131.80 per week commencing from May 30, 1978 and continuing for a period of 500 weeks subject to the terms and limitations of the Pennsylvania Workmen's Compensation

---

[4] It is noted that the referee awarded Dupej a block grant of $131.80 per week for 500 weeks plus interest on all due and unpaid compensation. At best, all USS would gain, by a change in the date the payments were to begin, is relief from approximately four months interest. Four months interest is hardly significant in comparison to the almost three years interest now owed to Dupej.

438

Act, *as amended*. Interest for deferred payments is allowed as provided under Section 406.1 of the Act. United States Steel Corporation is directed to reimburse the United Mine Workers of America District No. 4 in the amount of $169.40 for costs. Attorney's fees have been waived.