Bethlehem Mines Corporation (Grace Mines), Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Bernard J. Yotko, Respondents.

Argued March 3, 1982, before Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Barbara L. Hollenbach,* with her *Robert H. Holland, Holland, Taylor and Sorrentino,* for petitioner.

No appearance for respondent.

Opinion by Judge MacPhail, May 5, 1982:

Bethlehem Mines Corporation-Grace Mines (Employer) has appealed[1] from a determination of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of total disability

---

[1] No briefs were filed nor argument presented to this Court on behalf of Respondents.

benefits to Bernard J. Yotko (Claimant). The referee awarded benefits for disability resulting from silicosis which arose out of his employment with Employer, as provided by Section 108(k) of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §27.1(k).[2]

In cases such as this, where the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, our scope of review is limited to determining whether any constitutional rights were violated, an error of law was committed or a necessary finding of fact was unsupported by substantial evidence. *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 434, 430 A.2d 349 (1981). Questions of credibility and weight to be accorded the evidence are for the referee to determine, and in making such determinations the referee may choose to accept or reject, in whole or in part, the testimony of any witness. *Novak v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 596, 430 A.2d 703 (1981).

The Employer has raised four issues on this appeal. The first issue concerns whether Claimant gave timely notice to the Employer of his disability. Section 311 of the Act, 77 P.S. §631, provides that notice of disability from an occupational disease shall be given to the employer within 120 days from the time "the employee knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employ-

---

[2] The referee found that disability was due to both silicosis and anthracosilicosis, to which Claimant presumably was exposed during prior employment in the anthracite industry; the award, however, was specifically given for disability pursuant to Section 108(k) (Silicosis) and we shall therefore examine the case on that basis.

ment.'' The referee in this case found that Claimant became permanently and totally disabled from his disease on November 28, 1977, the date the claim petition was initially filed, and that Employer received notice as of that date. Employer does not contest the date notice was received; rather, it contends that the testimony presented shows that Claimant has been disabled since his last day of work on July 1, 1976 and that Claimant knew, or should have known, at that time of his disability and its relation to his employment.

Employer is quite correct that there is certain testimony by Claimant and his treating physician, Dr. Mika, that Claimant was disabled as early as July, 1976. Dr. Mika also testified, however, that ''It was [his] impression on November 28, 1977, [that Claimant] was totally disabled. . .'' and that it was not until November 28, 1977 that he informed Claimant that he should file for occupational disease benefits. Dr. Mika said that he had been treating Claimant for respiratory insufficiency since 1976 and that he had the benefit of Claimant's pulmonary function test for almost a year before he declared Claimant to be totally disabled. He explained, however, this was because Claimant was ''very heroic'' in trying to go back to work.[3] Claimant testified that Employer's doctor did not tell him in 1976 that he was disabled as contended by Employer, only that he could not go to work in November of 1976 and that he was given the same admonition by Employer's doctor again in April of 1977. That evidence and the fair inferences therefrom are sufficient to support the referee's finding that Claimant's notice of disability given to Employer on November 28, 1977 was timely.

---

[3] Claimant tried jogging and long walks to rehabilitate his respiratory system after he last worked on July 1, 1976.

We must next determine whether Claimant has proved the existence of an occupational disease hazard. In this regard, we believe Judge (now President Judge) CRUMLISH, JR.'s language in *Jones & Laughlin Steel Corp. v. Golmitz*, 28 Pa. Commonwealth Ct. 25, 28, 367 A.2d 323, 325 (1976) is particularly appropriate:

> We have carefully reviewed the testimony of record and agree with [the employer] that Claimant never *specifically* referred to a silica hazard in his description of the dusts to which he was exposed . . ., however, his testimony was most certainly descriptive, sufficient and competent to establish the existence of such a silica hazard. . . . We are satisfied from Claimant's description of his working conditions that the referee could have found a silica hazard to exist. (Emphasis in original.)

*See Deck v. Bethlehem Steel Corp.*, 46 Pa. Commonwealth Ct. 567, 407 A.2d 899 (1979); *Armco Steel Corp. v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 443, 402 A.2d 563 (1979).

In the case now before us, Claimant, who appeared without benefit of counsel, testified that he had been a "concreter" during his last five or six years of employment at Employer's iron ore mine.[4] Part of his duties in that job was to blow concrete (a mixture of sand, water, stone and cement) with air through a placer. He testified that there was "a lot of dust from that placer." His position prior to being a concreter was that of a "crusher" which job involved Claimant's inhalation of dust from a machine that crushed iron ore. It is our view that such testimony brings Claimant squarely within this Court's holding in *Jones*

---

[4] Claimant worked in coal mines for three years prior to his employment with Employer.

*and Laughlin* and is more than sufficient to satisfy Claimant's burden of proving the existence of an occupational disease hazard.

Employer's third contention concerns the referee's finding that Claimant was disabled by silicosis. Employer argues that the only medical testimony presented identified Claimant's condition as pneumoconiosis and, therefore, a finding of silicosis is in error.

Employer concedes, as it must, that silicosis is but a specific form of pneumoconiosis. We have previously noted the difficulty in distinguishing types of pneumoconiosis, *see, e.g., Glasgow, Inc. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 406, 430 A.2d 335 (1981); *Industrial Services Contracting, Inc. v. Wilson,* 28 Pa. Commonwealth Ct. 83, 367 A.2d 377 (1977), and have observed that the distinction is made on the basis of claimant's occupational history, *Industrial Services,* which in this case involved exposure to anthracite and silica. Prior case law leads us to conclude that the doctor's testimony that the disease was due to Claimant's cumulative years of exposure in the mines is sufficient to sustain an award against Employer. "Simply stated [Employer] is solely liable for claimant's total disability because it subjected him to a hazard which contributed to that disability. Such a statement takes into account the current state of medical science which cannot apportion an insidious disease such as pneumoconiosis among its several causation factors and the liberal interpretation due [the Act]." *Industrial Services,* 28 Pa. Commonwealth Ct. at 89, 367 A.2d at 380-81. *See Millcraft Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 322, 376 A.2d 283 (1977). From Claimant's testimony regarding his exposure to dust with a sand constituency and Dr.

Mika's unequivocal opinion regarding pneumoconiosis, the referee, in the proper exercise of his fact-finding function could have and did conclude properly that Claimant's disability was due to silicosis and anthracosilicosis. Therefore, we believe that an award for silicosis based on the evidence presented may be sustained.

Employer cites to *Stegner v. Cantebury Coal Co.,* 53 Pa. Commonwealth Ct. 617, 419 A.2d 225 (1980) for the proposition that a referee may not infer whether or not a person has a certain lung condition. *Stegner,* however, is clearly distinguishable from the present case. *Stegner* involved a situation in which the referee found the claimant to be disabled by pneumoconiosis when none of the medical testimony presented supported the referee's finding of that disease as the cause of claimant's disability. In the case now before us, we have unequivocal medical testimony which states that Claimant's disability was ''due to pneumoconiosis *and that this was due to working over 30 years inside mines.*''

Finally, Employer contends that the referee erred in applying the statutory presumption that Claimant's occupational disease arose out of and in the course of his employment. Section 301(e) of the Act, 77 P.S. §413. The validity of this argument is directly related to Claimant's previously discussed issue concerning whether Claimant had proved the existence of a disease hazard. In view of our affirmance of the referee's determination that a silica hazard was proven, and in the absence of any Employer evidence to contradict the presumption,[5] we can find no error by the referee in applying Section 301(e).

We affirm.

---

[5] The only witnesses in the case were Claimant and Claimant's physician.

### Order

And Now, this 5th day of May, 1982, the order of the Workmen's Compensation Appeal Board, No. A-75896, dated November 6, 1980, is affirmed and judgment is entered in favor of Claimant, Bernard J. Yotko, and against Bethlehem Mines Corporation-Grace Mines and/or its workmen's compensation carrier as follows:

Compensation for total disability at the rate of $174.88 per week beginning November 28, 1977, to continue until such time in the future that said disability shall cease.

Bethlehem Mines is further directed to deduct from the aforesaid award, by reason of their right of subrogation claim, the sum of $4509.10.

Judge Mencer did not participate in the decision in this case.