Purex, Incorporated, Petitioner *v.* Workmen's Compensation Appeal Board (Harvey Oden), Respondents.

Submitted on briefs June 10, 1982, before President Judge Crumlish, Jr. and Judges Rogers and Mac-Phail, sitting as a panel of three.

*Charles W. Craven, Marshall, Dennehey, Warner, Coleman & Goggin,* for petitioner.

*James J. DeMarco,* for respondent, Harvey Oden.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 28, 1982:

The Workmen's Compensation Appeal Board (Board), by order, affirmed a referee's award of total disability benefits to Harvey Oden. Purex, Incorporated (Purex), appeals. We affirm.

Purex, which manufactures various soaps and soap products, employed Oden from September 12, 1966, to May 31, 1975, as a laborer, mixer and utility man. On September 30, 1975, Oden filed for benefits under Section 108(n) of The Pennsylvania Occupational Disease Act[1] alleging that he suffered from chronic obstructive pulmonary disease. On July 25, 1977, Oden amended his petition in order to bring his claim under Section 108(n) of The Pennsylvania Workmen's Compensation Act[2] (Compensation Act).

[1] Act of June 21, 1939, P.L. 566, *as amended,* added by Section 1 of the Act of February 28, 1956, P.L. (1955) 1095, 77 P.S. §1208(n).

[2] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(n).

The referee, in awarding benefits, made the following pertinent factual findings and legal conclusions:

## FINDINGS OF FACT

. . . .

2. The Claimant was employed by the Defendant as a general laborer, mixer, and did other duties with access to all areas of the plant concerned with the manufacture of soaps, powders, bleaches and other detergents.

3. The Claimant was employed in the above position from September 12, 1966 to May 31, 1975.

4. As a result of being employed in the position mentioned above, the Claimant was exposed to silica, bacillus subtilis, and other ingredients used in the manufacture of the soap products and other products mentioned above.

5. Solely as a result of the exposure mentioned above, the Claimant contracted chronic obstructive restrictive pulmonary disease, from which he became totally disabled on June 2, 1975.

6. The incidents [sic] of Claimant's disease is substantially greater in the Defendant's industry and other industries which use bacillus subtilis than in the general population. The Claimant's disease is therefore causally related to his occupation with the Defendant.

. . . .

---

There is a dispute regarding whether Oden amended his petition to *include* a claim under the Compensation Act or whether he intended to file *exclusively* under said Act. It is apparent from the record that Oden intended to amend his petition to bring his claim within the exclusive precincts of the Compensation Act.

## CONCLUSIONS OF LAW

. . . .

2. The Claimant became totally disabled on May 31, 1975 because of chronic obstructive restrictive pulmonary lung disease, which was caused by his exposure to silica and other ingredients including but not limited to bacillus subtilis.[3]

The Board affirmed. Purex appeals, claiming that Oden failed to sustain his burden of proof under Section 108(n) of the Compensation Act and that there was not substantial evidence indicating that Oden was exposed to an occupational disease hazard, or that his exposure, if any, occurred after June 30, 1973.

In order to recover disability benefits, an employee must show by substantial competent evidence that he suffers from an occupational disease and that the disease arose out of or in the course of employment.[4] *Crucible Steel (Colt Industries) v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 271, 274, 425 A.2d 1108, 1110 (1980). To qualify a sickness as an occupational disease under Section 108(n) (generally known as the catchall or omnibus provision), the claimant must meet three requirements, namely,

---

[3] There is a two-day discrepancy between finding of fact no. five and conclusion of law no. two regarding the date of Oden's total disability. This discrepancy, however, is of no moment, and in any event is not a point of contention between the parties.

[4] Initially, we note that, in a workmen's compensation case where, as here, the party with the burden of proof prevailed before the referee and the Board took no additional evidence, our review is limited to determining whether constitutional rights were violated, a legal error was committed or a necessary fact finding was unsupported by substantial evidence. *Bertsch v. Pike County Sand & Gravel Co.,* 27 Pa. Commonwealth Ct. 90, 92, 365 A.2d 886, 887 (1976).

that his condition is one (1) to which the claimant is exposed by reason of his employment and (2) which [is] causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population.

*Roofner v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 218, 222, 392 A.2d 346, 348 (1978). Additionally, Section 301(c) of the Compensation Act[5] requires that the employee be exposed to the hazard of an occupational disease subsequent to June 30, 1973. *See also Houze Glass Corp. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 537, 538, 402 A.2d 1124 (1979).

To satisfy the first requirement, an employee "may reasonably identify or describe the causative factors of the disease, demonstrate that the factors are significantly present in his employment, and show that he was exposed to this significant presence." *Fruehauf Corp. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 341, 347, 376 A.2d 277, 280 (1977). (Footnotes omitted.) Oden testified that, as a tower utility man,[6] he was exposed to significant amounts of powder or "dust"[7] while cleaning the area or performing other jobs around the tower. Oden's testimony, taken as a whole, "was most certainly descriptive, sufficient and competent to establish the ex-

---

[5] 77 P.S. §411(2).

[6] As a tower utility man, Oden took part in the production of detergents. Detergents were pumped into the top of a six-story tower so that they could dry into powder in the course of their descent on a conveyor belt to the bottom of the building. He also testified that, as a mixer, he was exposed to various substances including acids, soda, ash, salts, starch and chlorine.

[7] Q: Now, what was the condition of the air when you walked through [the tower area]? Was it dusty?

A: Oh, very much so.

istence of [an occupational disease] hazard. . . .'"[8] *Jones & Laughlin Steel Corp. v. Golnitz,* 28 Pa. Commonwealth Ct. 25, 28, 367 A.2d 323, 325 (1976). *See also Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 404, 444 A.2d 1313 (1982).[9]

To complete the proof of an occupational disease, the employee must establish that "the disease is causally related to the industry or occupation and that the incidence of the disease is substantially greater in the industry or occupation than in the general population." *Fruehauf Corp.* at 348, 376 A.2d at 280. Oden demonstrated, through expert testimony, that chronic obstructive pulmonary disease is causally related to the soap manufacturing industry and that the incidence of this disease was substantially greater in the industry than in the general population. Thus, Oden has clearly proved the existence of an occupational disease.

Having established that he suffers from an occupational disease, the employee must then prove "that the disease arose out of or in the course of his employment." *Fruehauf Corp.* at 348, 376 A.2d at 281. An "injury arising in the course of employment . . .

---

[8] A focal point of Purex's argument is that there is not substantial evidence to support that portion of the referee's finding of fact number four that Oden, during his employment, was exposed to "silica [and] bacillus subtilis." Assuming, without deciding, that the referee's finding regarding the specified agents was not supported by substantial evidence, we note that Oden offered testimony regarding his exposure to *other* irritants such as soaps, dry bleaches and detergents, and the dust emanating from these products.

[9] In *Bethlehem Mines Corp.,* the claimant described his duties as both a concreter and a crusher at an iron ore mine and testified as to the existence of "a lot of dust" in his work area. This Court concluded that such testimony was "more than sufficient to satisfy claimant's burden of proving the existence of an occupational disease hazard." *Bethlehem Mines Corp.* at 409, 444 A.2d at 1315.

shall include all injuries caused by the condition of the [employer's] premises. . . .''[10] Thus, an employee may satisfy this requirement by proving that "the particular plant or place of business where he was employed constituted an occupational disease hazard." *Fruehauf Corp.* at 349, 376 A.2d at 281.[11] We conclude that Oden proffered evidence from which the referee could reasonably infer that the occupational disease was a hazard at the particular place where he worked.

The final issue for our determination is whether or not we should remand for a specific finding that Oden was exposed to the occupational disease hazard after June 30, 1973. A review of the referee's findings and the record reveals the following: that Oden was employed from September 12, 1966 to May 31, 1975; that his duties, up until the time that he left his employment, involved the production of soap and soap products; that he was exposed to certain irritants during the term of his employment; and that, as a result of this exposure, Oden became totally disabled. Here, the disability resulted from a cumulative exposure to the soap irritants, and the testimony demonstrates that Oden was exposed to the hazard *after* June 30, 1973. Although the findings could have been drafted with more specificity, we shall not remand merely because the referee's findings do not explicitly state what indeed can be inferred from the record[12] and

[10] 77 P.S. §411(1).

[11] Alternatively, if the employee demonstrates that, at the date of disability, he was employed in any occupation in which the occupational disease is a hazard, he is entitled to the benefit of a rebuttable presumption that the employee's occupational disease arose in the course of his employment. 77 P.S. §413.

[12] It must be noted that the party prevailing below is entitled to the benefit of the most favorable inference to be drawn from the evidence on appeal. *Lehigh Valley Coal Sales Co. v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 59, 443 A.2d 1339 (1982).

what is a natural consequence of the referee's findings taken as a whole.

Affirmed.

ORDER

The Workmen's Compensation Appeal Board order, No. A-76708, dated January 29, 1981, is hereby affirmed.