Insurance Company of North America, Petitioner v. Workmen's Compensation Appeal Board (Stanton Dettenmeyer), Respondents.

Argued November 17, 1982, before President Judge Crumlish, Jr. and Judges MacPhail and Doyle, sitting as a panel of three.

450

*Donald T. Rogers, Lowery, Ciavarella & Rogers,* for petitioner.

*Thomas J. Nolan,* with him *Anthony J. Piazza, Jr., Tellie, Durkin, Weinberger, Murphy and Piazza, P.C.,* for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 15, 1983:

The Workmen's Compensation Appeal Board (Board) affirmed a referee's order that either Crown Weaving Corporation (Employer) or the Insurance Company of North America (INA) pay benefits to Stanton Dettenmeyer (Employee). INA, contending that it is not the responsible insurance carrier, appeals. We affirm in part and reverse in part.

Dettenmeyer is entitled indisputably to benefits under Section 108(p) of The Pennsylvania Workmen's Compensation Act[1] (Act) for disability caused by byssinosis. The sole issue is whether INA must pay those benefits.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, 77 P.S. §27.1(p).

Dettenmeyer worked for Crown Weaving for twenty-two years, until March 14, 1975. Due to his employment-related exposure to raw cotton fiber dust, he was awarded temporary partial disability benefits from January 2, 1975, to March 14, 1975, and total disability benefits from March 15, 1975. The referee directed that either the Employer or INA, the Employer's insurance carrier, satisfy the award.[2] INA appeals, claiming that it is not liable for the benefits since it had previously terminated the Employer's insurance coverage.[3]

Section 301(c)(2) of the Act[4] provides, in part, that:

The employer liable for compensation [arising from a work-related byssinosis disability] shall be the employer in whose employment the employe was *last exposed* for a period of not less than one year to the hazard of the occupational disease claimed. . . . (Emphasis added.)

The employee's last exposure to the occupational hazard fixes the liability of both the employer *and* his insurance carrier. *Ertz v. Glen Nan, Inc.*, 29 Pa. Commonwealth Ct. 409, 412, 371 A.2d 533, 535 (1977). The term "last exposure," for the purpose of fixing

[2] The referee also awarded counsel fees to Dettenmeyer. The Board, however, reversed the imposition of these fees. That issue is not before us on appeal.

[3] Subject to our review, compensation authorities have the jurisdiction to resolve the issue of an insurer's liability under a workmen's compensation policy. *See Workmen's Compensation Appeal Board v. Cicioni*, 29 Pa. Commonwealth Ct. 381, 383, 370 A.2d 1256, 1257 (1977). Where, as here, the burdened party prevailed below, our review is limited to determining whether constitutional rights were violated, a legal error was committed or a necessary fact finding was unsupported by substantial evidence. *Purex, Inc. v. Workmen's Compensation Appeal Board*, Pa. Commonwealth Ct. , 454 A.2d 203 (1982).

[4] 77 P.S. §411(2).

a carrier's liability, means "the last moment of the employee's exposure." *Ertz* at 414, 371 A.2d at 536. Here, since Dettenmeyer's last exposure in relation to the *total* disability claim was his last day of work, (March 14, 1975), and since INA had by that time terminated the Employer's coverage, INA is not liable for payment of total disability benefits.[5]

INA's liability for temporary *partial* disability payments, however, is a different matter. Dettenmeyer's last exposure, for partial disability purposes, occurred during the policy period. Thus, INA is the responsible carrier for the temporary partial disability benefits.

Affirmed in part and reversed in part.

## ORDER

That portion of the Workmen's Compensation Appeal Board order, No. A-79816, dated April 16, 1981, which directs Crown Weaving Corporation and/or

---

[5] In *Ertz*, we had to determine which of two insurance carriers was responsible for the payment of total disability benefits when the employer had switched carriers during the claimant's final day of work, *i.e.*, the date of the claimant's last exposure. The late Judge KRAMER denied the latter carrier's request for apportionment, observing that "the intent of the Legislature [ran] counter to the apportionment among insurers of the liability arising out of the 'last exposure'. . . ." *Ertz* at 414, 371 A.2d at 536. In the case now before us, there is no question that a successive insurer (if there had been one) would have been responsible for the full payment of Dettenmeyer's total disability benefits. We cannot, however, impose liability on a carrier when the employer allows the policy to lapse for non-payment of premiums and fails to secure other coverage. To hold INA responsible for a liability arising *after* the policy had been duly terminated would nullify the effect of Section 653 of the Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. §813, which permits a carrier to terminate a workmen's compensation insurance policy for non-payment of premiums.

the Insurance Company of North America to pay Stanton Dettenmeyer temporary partial disability compensation at the designated rate for the period from January 2, 1975 to March 14, 1975, is hereby affirmed. That portion of the order, however, which requires the Insurance Company of North America to assume liability for total disability compensation is hereby reversed.